No. 28.—THOMAS BRYANT, plaintiff in error, *vs.* HARRISON HAM-
BRICK, defendant.

[1.] A declaration or answer may be amended at any time before the case is
finally submitted to the Jury, if the principles of justice require it.

[2.] The judgment, and not the execution issuing thereon, is the proper sub-
ject matter of set-off.

[3.] In an action on a bond for titles, the measure of damages is the value of
the *land* at the time when the title should have been made.

[4.] By making a proper case in Equity, a vendee, legally evicted, will be en-
titled to recover the value of the beneficial and permanent improvements
put upon the premises.

Debt on bond for titles to land, in Troup Superior Court.
Tried before Judge HILL, May Term, 1850.

This was an action of debt brought upon a bond made by
Hambrick, the defendant in error, to Bryant, the plaintiff in er-
ror, in the penalty of five hundred dollars, and conditioned to be
void when Hambrick should make good and sufficient titles to
Bryant to lot of land No. 3, in the 12th district of Merriwether
County.

On the trial of the cause in the Court below, the plaintiff prov-
ed that he purchased the land of defendant for two hundred and
fifty dollars; that he had gone into possession, and made im-
provements worth $400, and that the land had increased in val-
ue to $450, making the premises worth $850; that in 1846, he
was evicted from the land, in favor of a third person, by due pro-
cess of law.

The defendant then offered in evidence an execution against
plaintiff and one Obadiah L. Bryant, for the sum of $121 50,
principal, with interest from 31st August, 1844, to the admission
of which, counsel for plaintiff objected, on the ground that there
was no plea to authorize its admission. The Court sustained
the objection, and defendant's counsel then moved the Court to
amend his plea, instanter, by inserting a plea of set-off, to which
counsel for plaintiff objected. The Court overruled the objec-
tion, allowed the plea to be amended and the execution to be

read to the Jury as a set-off.    To all of which, counsel for plaintiff excepted.

The Court charged the Jury, "that the measure of damages in this case was the purchase money, with interest from the time the notes given for the land became due, and that they could not take into consideration the value of the land nor the improvements." To which charge, the counsel for plaintiff excepted.

And upon these several exceptions has assigned error.

W. DOUGHERTY, for plaintiff in error.

BULL and FERRELL, for the defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] We think the Circuit Judge was right in allowing the defendant's plea to be amended, but that he erred in permitting the execution to be read to the Jury *as a set-off.*

[2.] Instead of the *fi. fa.* the judgment, upon which it issued, should have been tendered in evidence.

[3.] Nor do we concur in the opinion, that the purchase money, with the interest thereon, is the measure of damages in an action on a bond for titles to land.    Such a rule would tempt the vendor, in any case where the property increased in value, to violate his contract.    The proper criterion is, the value of the *land* at the time when the title should have been made.    *Davis and Smith* (5 *Kelly & Cobb,* 274,) was for the breach of a covenant of warranty of title, and, therefore, distinguishable from the present case.

[4.] If the vendee and obligee is not content with this measure of compensation, he may go into Equity and compel a specific performance of the contract.    Or if that is rendered impossible, as in the present instance, for want of title in the vendor, he may, by making a proper case, move in a Court of Chancery, and have a suitable allowance made him for his improvements. See *Martin vs. Atkinson,* 7 *Cobb,* 228.

Judgment reversed.