## Irwin *vs.* Askew.

[Blandford, J., not presiding.]

1. By written agreement, a vendor of land obligated himself to make title thereto to his vendee on payment by the latter of a certain sum of money; time was made of the essence of the contract, and it was stipulated that unless the purchaser paid punctually at the date of the maturity of each installment, then he should hold as the tenant of the vendor:

*Held,* that the agreement contemplated the putting of the purchaser in possession.

2. If a vendor of land agreed to put his vendee in possession thereof,

and the latter made arrangements to cultivate it, but the vendor failed to put him in possession, and the vendee failed to get possession because it was held by another, and the vendor stated to the vendee that he must make other arrangements, the case was not within the principle of *damnum absque injuria*, but the vendee would be entitled to nominal damages, at least, although no money had been paid on the contract of purchase, and although the vendor may have acted in good faith, and may have thought that he could carry out the contract at the time when he made it.

3. The measure of damages in such a case would be the difference between the price agreed to be paid and the value of the land when the contract was broken by the refusal of the vendor to comply with it.

4. When a contract for the sale of land and the putting of the purchaser in possession was broken by the vendor saying to the purchaser that he could not comply with its terms, tender of the purchase money was unnecessary

5. The evidence was sufficient to support the verdict.

March 17, 1885.

Contracts. Bond for Titles. Vendor and Purchaser. Damages. Words and Phrases. Before Judge HAMMOND. Clayton Superior Court. September Term, 1884.

To the report contained in the decision, it is only necessary to add the following: The contract of sale on which this suit was based stated that Irwin had contracted to sell to Askew certain described land for $700.00, of which $350.00 was to be paid January 1, 1883, and $350.00 January 1, 1884. The condition was as follows:

"Now, if the said John T. Askew well and truly pays the sums above mentioned, at the time they become due, then I bind myself, my executors and administrators, to make good and sufficient title to the above described land; but on failure of said John T. Askew to make said payment at the times specified in this contract, time being of the essence of this contract, then this agreement to be void, and said John T. Askew is to be and become my tenant on said land."

For breach of this contract the action was brought.

The jury found for the plaintiff $150.00. Defendant moved for a new trial, on the following among other grounds:

(1.) Because the verdict was contrary to law and evidence.

(2.) Because the court refusea to charge as follows: "Suppression of a fact material to be known, and which the party is under an obligation to communicate, constitutes fraud. The obligation to communicate may arise from the confidential relation of the parties or from the particular circumstances of the case. If you believe from the evidence that plaintiff made the contract with defendant when he knew that another was in possession who would not give up the land, and if you believe that defendant did not know this fact, and that he would not have entered into the contract had he known such fact, and if you believe that the circumstances surrounding the transaction were such as required plaintiff to impart to defendant the information he had about such possession of another, and if you believe he did not impart such information, then you would be authorized to find that the contract was fraudulently obtained, and you should find for defendant."

(3.) Because the court refused to charge as follows: " If you believe from the evidence that defendant acted in good faith in the sale of the land to plaintiff, and that he failed to put plaintiff in possession because of his inability to put another out of possession, and if you believe that he really believed at the time he sold that he could give plaintiff possession, and if plaintiff paid nothing on the purchase nor expended any money on the faith of it, then plaintiff would not be entitled to recover."

(4.) Because the court ruled that evidence of the good faith of defendant could not be submitted to the jury, as such evidence could not affect the finding.

(5.) Because the court charged as follows: " It (the contract) says nothing directly as to when the plaintiff was to have possession, but evidently contemplates that he was to have possession under it at some time, because it says that Askew was to become the tenant of Irwin on the

land upon any failure to make payment according to the terms of the contract."

(6.) Because the court erred in the following charge: " In any event, if there was a breach of the contract by the defendant, the plaintiff would be entitled to recover nominal damages; that is, some small amount, such as a dollar or two, or a few dollars, so as to carry the costs against him, whether there was any actual damage or not."

(7.) Because the court charged as follows: " If you find from the evidence that the defendant, Irwin, sold the premises to the plaintiff, as alleged in the declaration, at a certain time, and that he agreed to give him possession at a certain time thereafter, and that he refused or failed to do so, or that he notified the plaintiff that he would not comply with the contract, and that the property was worth more at the time of his refusal or failure, or at the time he gave him notice that he would not comply, then he would be entitled to recover the difference, with interest on it from the time of the breach; and this would be true, even though plaintiff may not have paid any part of the purchase money, and whatever the reason the defendant might have for not complying with his contract. The question of good faith on the part of the defendant, Irwin, has nothing to do with the case."

The motion was overruled, and defendant excepted.

W. L. Watterson; John I. Hall, for plaintiff in error.

Bigby & Dorsey; King & Spalding, for defendant.

Jackson, Chief Justice.

An action for damages was brought by Askew against Irwin, on the allegation that the latter had, by written agreement, obligated himself to make title to the former to a tract of land upon his payment of a certain sum of money, and failed to comply with his contract, and so in-

formed Askew that he could not and would not, because he could not give possession, another being in the occupancy of the land. The jury found for the plaintiff some hundred and fifty dollars, and a motion for a new trial being denied defendant, he excepted and assigned as error that denial.

1. The court below construed the written agreement to contemplate putting Askew in possession of the premises, as well as making him good titles thereto ; and this construction is excepted to. The court construed the writing properly. By it time was made of the essence of the contract, and it was stipulated that unless Askew paid punctually at the date of the maturity of each installment, then he should hold as the tenant of Irwin. How could he so hold, unless he was in the possession of the property?

2. It is insisted by plaintiff in error that, inasmuch as Askew had paid no money, if Irwin acted in good faith, and thought he could carry out the contract when he made it, then there could be no recovery, inasmuch as there was no damage. It appears in evidence that Askew was to go in and sow wheat in the fall, and had made arrangements to cultivate the place, and that Irwin told him he could not comply with his contract. It seems another person was in possession, and Irwin could not or did not dispossess him. Askew applied to that adverse holder and could not get in, and then to Irwin, who answered that Askew must make other arrangments. We hold, with the view of the court below, that such is not a case of *damnum absque injuria;* that Irwin was bound to know, before he made this contract of sale, that he had it in his power to make the title and put Askew in possession, and if, for any reason, he could not comply, nominal damages, at least, would be recoverable. *Wrenn Whitehurst & Co. vs. Deveney, Hood & Co.* this term, (p. 421, *ante.*)

3. In a case like this, we think that the measure of damages is the difference between the value of the land when agreed to be sold and its value when the breach occurred.

It is not the case of a breach of warranty where the measure is purchase money and interest, for none was paid; and the true question to be settled is simply, what did Askew lose by the failure of Irwin to put him in possession of and make the title to the land he bargained to Askew, and that is what Askew lost by the failure. He lost precisely the difference between the price he had agreed to pay and what the value of the land was when Irwin, by refusing to comply, broke the contract. 9 *Ga.*, 133; 49 *Id.*, 9–11; 2 Sutherland on Damages, 212, *et seq.*; 78 Ill., 222; 6 Wheaton, 106; 113 Mass., 538; 65 Maine, 87; 1 Sedgwick Dam., 412, 430; Code, §2949.

4. When the contract was in fact annulled by Irwin saying to Askew that he could not make the title and put him into possession, tender of purchase money was unnecessary. 2 Benj. on Sales, 859; 2 Add., pp. 51, 55; 13 Eng. Com. Law R., 154; 55 *Id.*, 371; 15 Penn. St., 128.

5. The evidence is sufficient to support the verdict. The presiding judge approved it, and it must stand.

Judgment affirmed.