## THOMPSON *v.* AMERICAN MORTGAGE COMPANY OF SCOTLAND LIMITED.

Where a petition was filed and process issued against A, and the return of the sheriff shows that he served " the defendant ; " and where, in entire conformity to the pleadings, judgment by default was entered against A, such judgment can not, on the ground that its rendition against A was the result of a clerical error, be so amended as to make it a ,valid judgment against B, there being apparent on the face of the record no evidence of any clerical error or inadvertence.    This is so though B admits that he was the party who owed the debt sued for and should have been made the defendant in the suit, and informally consents that the judgment be so amended as to apply against him.

Argued December 17, 1904. — Decided January 30, 1905.

. Levy and claim.    Before Judge Evans.    Pulaski superior court. March 16, 1904.

*J. H. Martin* and *A. C. Pate*, for plaintiff in error.
*W. E. Simmons* and *W. L. Grice & Sons*, contra.

CANDLER, J.    On March 26, 1884, Caroline Coley conveyed to J. K. O. Sherwood the land which is the subject-matter of the present controversy, to secure a loan of $800, and took from Sherwood a bond to reconvey upon payment of the loan.    On the

same day Sherwood conveyed the land to the American Mortgage Company of Scotland Limited, subject to Mrs. Coley's rights under her bond to reconvey, and also indorsed to it Mrs. Coley's note to secure which the deed was made. The deed from Caroline Coley to Sherwood, and that from Sherwood to the mortgage company were both duly recorded, April 26, 1884. On November 19, 1890, a judgment was rendered against Lancaster, as administrator of Caroline Coley, in favor of the mortgage company, upon the note to secure which the deed was given, and execution issued thereon, November 20, 1890. A deed from the mortgage company to Lancaster as administrator, for the purpose of levy and sale, was duly filed in the office of the clerk of the superior court; the execution was levied on the land on April 28, 1891, and on May 2, 1891, a claim was interposed by the plaintiff in error. At the February term, 1904, of Pulaski superior court, the issue thus made came on for a hearing, and was by agreement tried by the judge without a jury. An agreed statement of facts was submitted, which embraced what has already been set out; and in addition it appeared that in 1880 Nettie Westcott brought suit against Mrs. Mary Coley in the county court of Pulaski county. Process issued against Mary Coley, and the return of service thereon was as follows: "Served a copy of this summons on the defendant by leaving at her house. Sept. 11, '80. W. D. Martin, deputy sheriff." On January 24, 1881, judgment was rendered in this suit against Mary Coley; and on April 11, 1881, execution thereon issued against her. On January 28, 1884, the judge of the county court of Pulaski county passed an order of which the following is an exact copy: "Pulaski County Court, January term, 1884. It appearing to the court in the case of Mrs. Nettie Westcott *vs.* Caroline Coley, upon which a judgment was rendered at the January term, 1881, of said court, has been by a clerical error entered up against Mrs. Mary Coley; and it further appearing that the pleading and all the papers show that said suit was against said Caroline Coley, who had due and legal service perfected upon her, and with no defense filed, that judgment was rendered properly: Ordered, that the minutes of the court be amended 'nunc pro tunc' so as to speak the truth in said case, and that, being so amended, a fi. fa. do issue against said Mrs. Caroline Coley. Ordered also that the clerk of this court place

the same on record.  This January 28th, 1884.  H. H. Whitfield, J. P. C. C."  In accordance with this order, on September 3, 1884, an execution issued from the county court of Pulaski county in favor of Mrs. Nettie Westcott against Mrs. Caroline Coley, and on September 29, 1884, this execution was levied on the land in controversy.  On December 9, 1884, a deed to the land was made by the sheriff of Pulaski county to John Pusser; on February 26, 1886, Pusser sought to convey it to Mrs. Mary T. Mims; and on January 17, 1884, Mary T. Mims made a deed to the land to A. J. Thompson & Co.  All these deeds, it was agreed, covered the land in dispute.  Mrs. C. W. Mims testified that her given name was Mary; that she was a daughter of Mrs. Caroline Coley; that she knew the land levied on, and was familiar with the circumstances under which her mother conveyed it to Sherwood; that her mother was in possession of it at the time the conveyance was made, had been for some fifteen or sixteen years prior to that time, and continued so for two or three years afterwards; that her mother was served in a suit brought in the county court by Mrs. Nettie Westcott; that she remembered that her mother was served twice with Westcott papers; but that she read over none of the papers that were served on her mother, and did not know what was in them  It was agreed that C. W. Mims, the husband of Mary T. Mims, would testify that Caroline Coley got a summons left at her house by the deputy sheriff, and that she and said Mims came to Hawkinsville to confer with an attorney about the Westcott suit.  She came once after a judgment had been rendered against Mrs. Mary Coley, and agreed with Judge Kibbee that there was a mistake in the name of the defendant; that she, Mrs. Caroline Coley, owed the debt, and that the judgment rendered in the suit against Mrs. Mary Coley might be corrected so as to be against her.  So far as known, however, she did not go to the court-house, and did not see the judge of the court about it.  It was also agreed that Mims would testify that Caroline Coley died November 15, 1887; that Mary T. Mims was in possession at the time she made the deed to Thompson & Co.; that Thompson & Co. went into possession January 1, 1888, and have remained in possession since that time.  To the original petition of Mrs. Westcott in the suit referred to was attached an itemized account against " Mrs. Coley."  On the evidence and the agreed

facts above stated the judge of the superior court found the property subject. Thompson, surviving partner, excepted.

In the argument, both here and in the court below, it was agreed by counsel that the sole question for determination was as to the legality of the order amending the judgment against Mary Coley so as to make it a judgment against Caroline Coley. The Civil Code, § 4047 (6), empowers a court " to amend and control its process and orders so as to make them conformable to law and justice, and to amend its own records so as to make them conform to the truth."   The order in this case by which it was sought to amend the judgment against Mary Coley, so as to make it a valid judgment against Caroline Coley, recited that the judgment as originally rendered was the result of a clerical mistake.   It further recited " that the pleadings and all the papers show that said suit was against said Caroline Coley."    The facts, as disclosed by the record, show that this amendatory judgment did not itself speak the truth.   The petition was against Mary Coley, the process was against Mary Coley, and the return of the sheriff showed that " the defendant" was served.    If the declaration and process had been against Caroline Coley, and the judgment against Mary, then the error would have been amendable if made in the proper manner.    Or, if the suit had been against Caroline, and the process and judgment against Mary, the error could have been cured by amendment.    But the declaration, process, and judgment were all against Mary Coley, and execution issued against Mary Coley. There could have been no clerical error or inadvertence on the part of any officer of court.    Everything done, both by the clerk and the sheriff, was in conformity to the plaintiff's pleadings, and the judgment rendered was also in conformity thereto.    The subsequent order of the court did not seek to amend anything except the judgment rendered, and its effect was to destroy the conformity between the judgment and the pleadings and process.    In other words, taking the record as now presented to us, we have a petition and process against Mary Coley, service on the defendant named, and a judgment against Caroline Coley.    There is no question that a judgment may be amended, even after execution has issued thereon ; but it is clear that the amendment must harmonize with the pleadings, and unless it does so it will be void — especially as to third persons whose rights are affected thereby.

Caroline Coley was not a party to the suit, and was nowhere named in the petition, nor even in the bill of particulars. While it appears that she consented to the amendment of the judgment, we know of no law which will authorize a party who has not been sued to come into court in an entirely informal manner and substitute himself as the defendant in a judgment against a party who has been sued. To hold such an amendment good as against the rights of the plaintiff in execution in the present case would be to open wide the door to unlimited possibilities of fraud. It follows from what has been said that the sheriff's deed to Pusser, and the subsequent deeds under which the claimant relied, conveyed no title, and that the court below properly found the property subject.

*Judgment affirmed. All the Justices concur, except Evans, J., disqualified.*