McLENDON *et al. v.* SHUMATE, administrator.

1. A judgment in a claim case is conclusive between the parties as to all matters put in issue, or which, under the rules of law, might have been put in issue in the trial of the case.

2. A judgment in a claim case finding the property not subject, subsequently affirmed by the Supreme Court on the ground that the defendant in fi. fa. had no leviable interest in the land at the time of the levy of the fi. fa. thereon, by reason of the fact that a part of the debt secured by an outstanding security deed to the property had not been paid or tendered, does not estop the plaintiff in fi. fa. from proceeding to subject the property after a leviable interest has accrued to the estate of the maker of the security deed by reason of the tender of the balance due upon the secured debt to the holder thereof, subsequently to the levy to which the claim was interposed.

3. Where a dormant judgment has been revived, it is a lien on the defendant's property only from the date of revival.

4. Where, from the special circumstances of the case, a possessory title under color, in a person other than the defendant, may not ripen into prescription so as to defeat the lien of a judgment, yet where the judgment is allowed to become dormant and is revived, if the title of such possessor has ripened into prescription prior to the judgment of revival, it will be superior thereto, notwithstanding it may have been inferior to the original judgment which was permitted to become dormant.

Submitted April 18,—Decided June 15, 1907.

Equitable petition.     Before Judge Holden.     Wilkes superior court.     May 28, 1906.

An execution in favor of Shumate, administrator, against Barnett as administrator of Isaac McLendon, was, on September 9, 1902, levied upon 440 acres of land, to which a claim was interposed by Samuel McLendon; and upon the trial of the case, under an agreed statement of facts, the judge rendered a judgment finding the property not subject. This case was appealed to the Supreme Court, and the judgment affirmed (120 *Ga.* 396) upon the facts set out in the statement preceding the opinion in that case. Subsequently to that judgment, Shumate, administrator, tendered to the heirs of Mary McLendon the balance due on the fi. fa. in favor of the Bank of Washington, which had been transferred to Mary McLendon prior to her death, she having died intestate, without debts, all her heirs at law being of age, and there being no indebtedness against her estate and no administrator thereon. After making this tender, which was refused, he filed an equitable petition setting up the facts set out in 120 *Ga.* 397-8; alleging that he had made the tender, which was continuous; that the Bank of Washington was a corporation whose charter had long since expired, no longer doing business and out of existence; and that there was no one authorized to convey for it title to the land in dispute to the administrator of Isaac McLendon, although the bank had been paid in full and the balance upon its fi. fa. tendered to the holders and owners thereof. The prayer of the petition was that upon the payment to the heirs of Mary McLendon, deceased, of the balance due upon the fi. fa. in favor of the Bank of Washington against Isaac McLendon, "the said 440 acres conveyed to secure said debt [of the bank] shall become the property of Isaac McLendon's estate so far as to enable it to be levied upon and sold by and under the fi. fa. of plaintiff against the administrator of Isaac McLendon." Process was prayed against the administrator of Isaac McLendon and the heirs at law of Mary McLendon.

The facts set out in the petition were substantially admitted by the defendants, heirs at law of Mary McLendon, there being no appearance for the administrator of Isaac McLendon. By way of plea the judgment in the claim case, heretofore referred to, was set up by them as an estoppel under the principle of res adjudi-

cata, and it was insisted that that judgment was conclusive of the plaintiff's rights. They also set up title by prescription through seven years' possession under color of title in Mary McLendon, under the deed to her from Sims & Truitt in 1878. This case was submitted· to the judge on an agreed statement of facts, and he rendered a judgment decreeing that the land in question "is subject to the fi. fa. in favor of plaintiff against Albert Barnett as administrator of Isaac McLendon and the judgment upon which it is founded," and directing the sheriff to levy the fi. fa. upon this land and sell the same, and as to the disposition of the proceeds. The agreed statement of facts in the present case contains, in addition to those shown in 120 *Ga.* 397-8, the following facts: The deed from Sims & Truitt to Mary McLendon on April 4, 1878, was never recorded. In addition to the mortgage made by Mary Mc-Lendon in 1878 upon this land, she also executed a deed to secure a debt to Sims & Truitt, which was afterwards paid and cancelled. On January 10, 1883, she made a deed to her daughter Ollie A. Walton to 125 acres of the land in dispute; and her husband, Isaac McLendon, was a witness to this deed. Mary McLendon returned the land for taxation from 1877 till her death, after which it was returned as the property of her estate. Isaac returned no land for taxation after 1877. Prior to the commencement of this suit the plaintiff tendered, and he continues to tender, to the defendants the sum of $78.19, the amount due on the execution of the Bank of Washington, as appears from the face thereof. The plaintiff and the defendants were the parties to the claim case in 120 *Ga.* supra, and the fi. fa. then levied is the same that it is sought to enforce in this case, and the land against which it is sought to enforce it is the land then levied on. The levy in the claim case was made in 1902, at which time the balance due on the Bank of Washington fi. fa. had neither been paid nor tendered. · No such corporation as the Bank of Washington now exists, or has existed for years. The assignments of error are, that the court erred because, (1) the plaintiff was estopped by the judgment rendered in the claim case, set up as a bar in defendants' plea; and (2) the defendants showed a good prescriptive title against the plaintiff's claim and against all the world.

*William Wynne* and *J. M. Pitner,* for plaintiffs in error.
· *F. H. Colley, W. H. Toombs,* and *S. H. Hardeman,* contra.

Evans, J. (After stating the facts.)

1, 2. We do not think that the contention of the plaintiffs in error that the plaintiff in fi. fa. "was estopped by the judgment rendered in the claim case, set up as a bar in defendant's plea to the equitable petition of the plaintiff" in the present case, upon the principle of res adjudicata, is sound. At the time of the levy to which the claim in that case was interposed, there was still due upon the fi. fa. of the Bank of Washington an unpaid balance, and the bank had never reconveyed its title, and there had therefore never been any redemption. In the opinion in 120 *Ga.* 401, when the claim case was before this court, it was said: "The title to the land is still vested in the Bank of Washington, and until this title becomes revested by payment of the balance due on the debt to the legal representatives or heirs of Mary McLendon, there is no leviable interest in the land in the heirs or legal representatives of Isaac McLendon, and the levy of the Shumate execution was an absolute nullity." The judgment in the claim case was conclusive upon the plaintiff in fi. fa. and the claimants, as to everything which was pleaded or could have been pleaded by either, and upon all claims or defenses, under the facts as they then existed. See *Hollinshead* v. *Woodard,* ante, 7, and cases there cited. Had the tender by the plaintiff in fi. fa. of the balance due on the bank's fi. fa. been made prior to the levy in the claim case, and the plaintiff in fi. fa. failed to show this, he would have been concluded by the judgment therein rendered. As was said in *Stamps* v. *Hardigree,* 100 *Ga.* 160, "A judgment subjecting the property [in a claim case] concludes [claimant]·not only as to the question actually tried, but also such as might have been made upon the trial." And the same is true as to the plaintiff in fi. fa. But the balance due on the bank's fi. fa. had neither been paid nor tendered when the levy in the former case was made, and therefore the status of the title after such payment or tender could not have been in issue. The matter adjudicated by that decision was that the property was not then subject, because the defendant in fi. fa. had no leviable interest in the property, by reason of the fact that a part of the debt for which the security deed to the bank was given was still unpaid, and for that reason the title was still in the bank. Suppose that the claimants had shown that the actual title to the property was in them when the levy was

34

made to which the claim was interposed, and they had subsequently transferred the title to defendant in fi. fa., could it be contended for an instant that the judgment in the claim case concluded the plaintiff in fi. fa. from again levying his execution? Certainly not. How, then, can he be concluded by a judgment which merely adjudicates that his former levy was void because the defendant in fi. fa. had no leviable interest at the time of the levy, when, subsequently to that levy, by tender of the balance due on the bank fi. fa. to the holders thereof a leviable interest has been created in the defendant in fi. fa. Suppose, for instance, the claimants should secure an outstanding title subsequently to the judgment in the present case, superior to that of Isaac McLendon at the time of his purchase and entry, could it then be contended that the judgment finding the property subject would cut off the claimants from asserting their after-acquired superior title? We therefore conclude that since the leviable interest in the estate of Isaac McLendon was created since the levy in the claim case, and could not, therefore, have been then put in issue upon the trial hereof, the plaintiff in fi. fa. in the present case is not estopped by the judgment in the claim case from setting up in the present proceeding such subsequently-acquired leviable interest.

3, 4. The plaintiffs in error contend, that their ancestor, Mary McLendon, under whom they claim, had a valid prescriptive title by reason of having held the land under open and adverse possession for more than seven years under the deed from Hill and Truitt, made in 1877, which they maintain was good, at least as color of title; that by reason of the dormancy of the Shumate judgment it attaches only from the date of its revival in 1897, and that at that time Mary McLendon had been in possession under color of title for more than twenty years. The defendant in error contends that since the plaintiff in fi. fa. was powerless to levy his fi. fa. during the pendency of the homestead, which expired only upon Mary McLendon's death, prescription would not run in her favor during that time. "Where the plaintiff in a judgment more than seven years old has had it revived by scire facias, as having become dormant, it is a lien on the defendant's property from the date of revival only." *Foster* v. *Reid,* 57 *Ga.* 609. Therefore the Shumate judgment stands exactly as if it had been originally rendered at the time of its revival in 1897. The existence of the

homestead did not prevent it from becoming dormant. *Anderson* v. *Kilgo,* 81 *Ga.* 699. Mary McLendon's deed from Sims & Truitt, although their title may have been based upon an invalid sheriff's deed, was good color of title. *Burkhalter* v. *Edwards,* 16 *Ga.* 593, paragraph 2 of the opinion, on page 596. Her title by prescription ripened in 1884, and was certainly good as against any subsequently-acquired lien against her husband's estate. Therefore the lien of the revived judgment, attaching only from 1897, could reach only such property as was then in the hands of Isaac McLendon's administrator. It will therefore be seen that the court erred in rendering a judgment finding the property subject.

*Judgment reversed.* *All the Justices concur.*