### 18092. GEORGIA MOTOR SALES INC. *v.* WADE.

The court erred in allowing the petition, the verdict, the judgment, and the execution to be amended.

(a) While section 5686 of the Code of 1910 provides that all misnomers on the civil side of the court may "be amended and corrected instanter," this section must be construed in connection with section 5681 of the same code, which provides that amendments may be made "at any stage of the cause," and, so construed, even a misnomer in a petition can not be amended after the case has been tried and a verdict and judgment rendered.

(b) A verdict must harmonize with the petition, and the judgment and execution must follow the verdict.

(c) "The name of a corporation is of its very essence; by that name it is empowered to sue, and by it it is liable to be sued; the name of it is, therefore, of its substance; it can only be known in all legal proceedings by that name."

DECIDED JUNE 14, 1927.

Amendment of judgment, etc.; from city court of Richmond county—Judge Black. March 24, 1927.

Corporations, 14a C. J. p. 787, n. 77; p. 835, n. 86.

Judgments, 33 C. J. p. 1169, n. 36.

Pleading, 31 Cyc. p. 469, n. 62, 66.

Trial, 38 Cyc. p. 1885, n. 92.

*Cohen & Gray,* for plaintiff in error.

*Fleming & Fleming,* contra.

BLOODWORTH, J.   The record in this case shows that on October 28, 1926, A. C. Wade filed, to the December term, 1926, of the city court of Richmond county, a petition against the Georgia Motors Company Inc., to recover on a claim arising out of the sale to him of an automobile which he alleged proved worthless for his use; that process was directed to the Georgia Motors Company Inc., and the petition and process were served "personally upon B. P. Mays, secretary and treasurer of said company;" that the case was marked "in default," and when the case was called for trial at the February term, 1927, of said court.the plaintiff testified to the facts stated in his petition and the court directed a verdict in his favor.   The verdict was in favor of the plaintiff, but it did not name the defendant.   On February 24 a judgment was entered against "the defendant, the Georgia Motors Inc."   On February 25 an execution was issued which followed the verdict.   On February 28 "The Georgia Motor Sales Inc." filed a motion to set aside the judgment, and among other things alleged that the petition was brought against and the process issued in the name of "Georgia Motors Inc.," and was served upon "Georgia Motor Sales Inc."   The motion further alleged that the "true name of the corporation upon which the petition and process was served is Georgia Motor Sales Inc.;" that "the Georgia Motor Sales Inc. did not acknowledge service on said petition, did not waive process, did not appear and plead or file any defense to the action brought against Georgia Motors Inc."   To the motion to set aside the judgment Wade filed a demurrer, and a sworn answer in which he alleged that "the true defendant was served, and was required under the law to make answer if it desired to contest the suit."   The attorneys for the defendant were allowed to withdraw its motion. Thereafter Wade filed a verified motion to amend the petition, the verdict, the judgment and the fi. fa.   On March 14, 1927, Georgia Motor Sales Inc. filed objections to the motion to amend, and.on March 28, 1927, the judge passed an order sustaining the motion to amend.   To this order Georgia Motor Sales Inc. excepted.

The plaintiff's motion to amend contains the following prayers: "That he be allowed to correct the misnomer by designating the defendant as the 'Georgia Motor Sales Inc.,' instead of the 'Geor-

gia Motors Company Inc.,' or the 'Georgia Motors Inc.' And that the verdict be amended by inserting the words 'the Georgia Motor Sales Inc.' after the words 'defendant' therein; and that the judgment be amended by striking out the words the 'Georgia Motor Inc.,' and inserting in their stead the words 'Georgia Motor Sales Inc.' And that the fi. fa. be likewise amended by designating the defendant as the 'Georgia Motor Sales Inc.'" In the bill of exceptions we find that "the plaintiff offered to amend his petition, and sought to amend the verdict, the judgment, and the execution in said case; said amendment being allowed on March 24, 1927. The Georgia Motor Sales Inc. objected to all of said amendments. On March 24 his honor entered the following order and judgment in the case: 'After hearing an argument on all points involved, it is hereby adjudged and ordered that the amendments as prayed for in the foregoing petition are allowed.' To said order allowing the amendments the Georgia Motor Sales Inc. then excepted, and now excepts and assigns error thereon." It is insisted by the defendant in error that as the petition contains the name the "Georgia Motors Company Inc." as the defendant, and as the real name of the defendant is "Georgia Motor Sales Inc.," the error was merely a misnomer and amendable instanter under the provisions of section 5686 of the Civil Code of 1910, which is as follows: "All misnomers, whether in the Christian name or surname, made in writs, petitions, bills, or other judicial proceedings on the civil side of the court, shall, on motion, be amended and corrected instanter, without working unnecessary delay to the party making the same." In the brief of counsel for the defendant in error a number of cases are cited to support this contention, but in none of them was the petition amended after verdict. Section 5681 of the said Code is as follows: "All parties, whether plaintiffs or defendants, in the superior or other courts, whether at law or in equity, may at any stage of the cause, as matter of right, amend their pleadings in all respects, whether in matter of form or of substance, provided there is enough in the pleadings to amend by. The defendant after the first term can not set up new matter by way of amendment, except as provided in section 5640." As these are cognate sections both referring to amendments, they must be construed in pari materia. Thus construed the provisions of § 5686, that all misnomers shall "on motion be amended and

corrected instanter," means that misnomers may be amended and corrected instanter, provided the amendment is offered "at any stage of the cause." What is meant by "at any stage of the cause?" The first headnote in *Real Estate Bank & Trust Co.* v. *Baldwin Locomotive Works,* .145 *Ga.* 105 (88 S. E. 584), is as follows: "The sections of the Civil Code in regard to amendment are to be construed together; and the section which authorizes an amendment in equity in lieu of a supplemental bill, construed in connection with the section which provides that amendments may be made *at any stage of the cause,* does not contemplate the allowance of an amendment *after final termination of the trial.*" (Italics ours.)

In *Southern Mutual Ins. Co.* v. *Turnley,* 100 *Ga.* 297 (27 S. E. 975), the 7th headnote is as follows: "It is too late to amend a declaration after a judgment thereon has been rendered, and a motion for a new trial is pending." In the opinion in that case Chief Justice Simmons said: "After verdict and judgment, and pending the motion for new trial, the court, over objection by the defendant, permitted the plaintiffs to amend their declaration by alleging that the defendant had waived certain stipulations of the policy. There must be some limit as to the time of amendment; and although our law is quite liberal on this subject, the code providing that amendments may be made '*at any stage of the cause*' (Civil Code, § 5097), *we do not think that this means that they may be made after the case has been tried and a judgment rendered therein which has not been set aside or vacated.*" (Italics ours.) The case from which we have just quoted is cited with approval in *City of Columbus* v. *Anglin,* 120 *Ga.* 789 (3, 4, 5) (48 S. E. 318). In *Hyer* v. *Holmes,* 12 *Ga. App.* 848 (5) (79 S. E. 63), Chief Judge Russell said: "One of the amendments, to the allowance of which exception is taken, was presented after the conclusion of the evidence and argument. The amendment appears to be pertinent to the evidence and germane to the issue. It is well settled that an amendment which meets these requirements is permissible at any stage of the case *prior to the rendition of the verdict.*" (Italics ours.) In discussing what is now § 5681 of the Code of 1910, Mr. Justice Simmons, in *Savannah, Fla. &c. Ry. Co.* v. *Watson,* 86 *Ga.* 796 (13 S. E. 156), said: "Under this section, we think the court erred in refusing to allow the

amendment, even at the late stage of the case then on trial. This is a very broad provision in the law for amendments. It declares that either of the parties may, *at any stage of the case,* as matter of right, amend their pleadings in all respects, etc. While the facts of this case show gross negligence on the part of the defendant in not sooner offering this amendment, yet under this section, he had a right to make it at *any time before the jury returned their verdict."* (Italics ours.) In *Cureton* v. *Cureton,* 120 *Ga.* 565 (2) (48 S. E. 165), Mr. Justice Evans said: "All parties 'may, at any stage of the cause, as matter of right, amend their pleadings in all respects, whether in matter of form or of substance.' Civil Code, § 5097. This right to amend exists even after the evidence has been concluded and the jury have the case under consideration. *Bryant* v. *Hambrick,* 9 *Ga.* 133. Amendments may be allowed when the judgment of the court has been orally announced but before it has been entered. *Lytle* v. *De-Vaughn,* 81 *Ga.* 226 [7 S. E. 281] ; *Freeman* v. *Brown,* 115 *Ga.* 23 (1) [41 S. E. 385]. *But it is too late to amend the pleadings after verdict and judgment. So. Mutual Ins. Co.* v. *Turnley,* 100 *Ga.* 296 (7) (supra)." (Italics ours.) In *Estill* v. *Estill,* 147 *Ga.* 358, 363 (94 S. E. 304), Mr. Justice Hill said: "An amendment to the pleadings can be made at any time before verdict."

The foregoing decisions seem to settle the proposition that a proper amendment to the petition can be made at any time before judgment but not after, and that the court erred in allowing the petition to be amended after verdict in the instant case. In the absence of an amendment to the petition, can the verdict and judgment be amended so as to change the name of the defendant therein from "Georgia Motors Company Inc." to "Georgia Motor Sales Inc.?" We think not. The effect of such an amendment would be to destroy the conformity between the petition and process and the verdict and judgment. The petition names as the defendant "Georgia Motors Company Inc.," the process was directed to the "Georgia Motors Company Inc.," and service was perfected on "the defendant, the Georgia Motors Co. Inc." The letters "Inc." show that the defendant was an incorporated concern. In *Bradford* v. *Water Lot Co.,* 58 *Ga.* 282, Judge Jackson said: "The execution must follow the judgment; the judgment is against the Water Lot Co. of the City of Columbus; the execution is against

the Water Lot Company; therefore the execution does not follow the judgment—Code 3636.   Is this variance substantial?   The name of a corporation is of its very essence; by that name it is empowered to sue, and by it it is liable to be sued; the name of it is, therefore, of its substance; it can only be known in all legal proceedings by that name; and if it be sued by a different name, the suit would be dismissed.   If it be sued by its right name and judgment be entered up against it by its right name, but the execution is issued thereupon by a different name, the variance is material." In *Neal-Millard Co.* v. *Owens,* 115 *Ga.* 959 (42 S. E. 266), the headnote is as follows:   "Where a defendant in a pending suit is served with a process in which an entirely different person is named as defendant, such process is, as to the person served therewith, no process at all; and the name of the real defendant can not, by amendment at the trial term of the case, be substituted for the person named in the process.   In such a case it is proper to sustain a timely motion made by the defendant to vacate the entry of service upon him made by the sheriff."   In discussing that case Mr. Justice Cobb said:   "If in order to give the court jurisdiction of a proceeding brought against a defendant he must either have been served with a mandate from the court to appear and answer the plaintiff's demand, or must have waived such mandate, it would seem to follow, as a necessary corollary from this, that the service upon a defendant of a process commanding some one else to appear in court would be no process at all as to the defendant, and he would have a right to utterly disregard the same. When after the service of such a process the sheriff enters a return that the defendant has been served with the petition and process, the fact that he may institute a proceeding to have the entry of service vacated, and by so doing show that he has had notice of the pendency of the suit, ought not to put him in any worse position than if there had been no return of service and he had treated the whole proceeding as a nullity so far as he was concerned.   We do not think it is a purely technical or formal objection for a defendant to urge that he has not been served with process requiring him to appear in court; or that a process which commands a person other than the defendant to appear in court can be said to substantially conform to the law relating to process. If this is true, then the mere fact that the defendant may have

had notice of the pendency of the suit would not authorize the court to enter a judgment against him in a proceeding which had been instituted without any valid service upon him. . . The declaration having been served on the defendant named therein, together with a process commanding 'the defendant' to appear in court at a specified time, he was bound to know that the process referred to the person named in the declaration. But where an entirely different name is stated in the process as defendant, the case is wholly different." See *Bibb Land-Lumber Co.* v. *Lima Machine Works,* 104 *Ga.* 118 (2) (30 S. E. 676, 31 S. E. 401).

In *Thompson* v. *American Mortgage Co.,* 122 *Ga.* 39 (49 S. E. 751), the headnote is as follows: "Where a petition was filed and process issued against A, and the return of the sheriff shows that he served 'the defendant,' and where, in entire conformity to the pleadings, judgment by default was entered against A, such judgment can not, on the ground that its rendition against A was the result of a clerical error, be so amended as to make it a valid judgment against B, there being apparent on the face of the record no evidence of any clerical error or inadvertence. This is so though B admits that he was the party who owed the debt sued for and should have been made the defendant in the suit, and informally consents that the judgment be so amended as to apply against him." In discussing that case Mr. Justice Candler said: "The petition was against Mary Coley, the process was against Mary Coley, and the return of the sheriff showed that 'the defendant' was served. If the declaration and process had been against Caroline Coley, and the judgment against Mary, then the error would have been amendable if made in the proper manner. Or if the suit had been against Caroline, and the process and judgment against Mary, the error could have been cured by amendment. But the declaration, process, and judgment were all against Mary Coley, and execution issued against Mary Coley. There could have been no clerical error or inadvertence on the part of any officer of court. Everything done, both by the clerk and the sheriff, was in conformity to the plaintiff's pleadings, and the judgment rendered was also in conformity thereto. The subsequent order of the court did not seek to amend anything except the judgment rendered, and its effect was to destroy the conformity between the judgment and the pleadings and process. In other words, taking the record as now presented

to us, we have a petition and process against Mary Coley, service on the defendant named, and a judgment against Caroline Coley. There is no question that a judgment may be amended, even after execution has issued thereon; but it is clear that the amendment must harmonize with the pleadings, and unless it does so it will be void." In the instant case as the declaration, process, and judgment were all against the "Georgia Motors Company Inc." there could have been no clerical error or inadvertence on the part of any officer of the court. Everything done by both the clerk and the sheriff was in conformity to the plaintiff's pleadings, and the judgment rendered was also in conformity therewith. In the case we are now considering the verdict, judgment, and execution can not be amended without first amending the petition, as the verdict must harmonize with the petition and the judgment and execution must follow the verdict; and under the principles announced in the foregoing cases, as the petition can not be amended after verdict and judgment, the court erred in allowing the verdict, the judgment and the execution to be amended.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*