*Boyd Sloan, Sam S. Harben,* for defendant.

## 26503. FELKER v. JOHNSON.

SUTTON, J. While under the Code the right to amend is very broad, it may not be exercised after a case has been tried and a judgment rendered therein which has not been set aside or vacated. *Southern Mutual Ins. Co.* v. *Turnley,* 100 *Ga.* 296, 302 (27 S. E. 975); *Cureton* v. *Cureton,* 120 *Ga.* 559, 566 (48 S. E. 162); *City of Columbus* v. *Anglin,* 120 *Ga.* 785, 789 (48 S. E. 318); *Real Estate Bank & Trust Co.* v. *Baldwin Locomotive Works,* 145 *Ga.* 105 (88 S. E. 584); *Land Development Cor.* v. *Union Trust Co.,* 180 *Ga.* 785, 791 (180 S. E. 836); *Georgia Motor Sales Inc.* v. *Wade,* 37 *Ga. App.* 24, 27 (138 S. E. 797). Accordingly, where it appears in the present case that suit was brought on a debt, and the defendant's general demurrer was overruled and the case proceeded to trial, and verdict and judgment were rendered in favor of the plaintiff, and this court affirmed the judgment of the trial court in overruling the demurrer and the judgment in refusing to grant a new trial, it was too late for the defendant to amend his answer by setting up that the debt had been fully paid, although the amendment was tendered before the remittitur from this court had been made the judgment of the trial court.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*

DECIDED NOVEMBER 4, 1937.

*J. H. Felker,* for plaintiff in error.