36774. DOYLE *v.* UNITED FINANCE COMPANY.

DECIDED JULY 10, 1957.

*Saul Blau,* for plaintiff in error.
*Wall & Maddox,* contra.

FELTON, C. J. ■ On June 4, 1955, the plaintiff Leroy Doyle purchased an automobile from Southwest Motors, Inc., and the purchase price was financed with the defendant United Finance Company. On May 17, 1956, the defendant foreclosed its conditional-sale contract through foreclosure proceedings in the Civil Court of Fulton County. On June 4, 1956, the automobile was sold at a public judicial sale by the Marshal of the Civil Court of Fulton County. On June 30, 1956, the plaintiff and the defendant entered into the following contract: "To whom it may concern. As an inducement to and consideration of the sum of $350, to United Finance Company, I hereby agree to pay the

above sum in the following instalments: $100 on June 30, 1956; $50 on July 7, 1956; and $200 on July 14, 1956. This contract is being made to induce United Finance Company to hold my car in their custody until July 14, 1956, and is further understood that I will have the remaining balance refinanced at another company by no later than July 21, 1956. Failure to pay the above instalments or refinance the account will mean that I voluntarily authorize United Finance Company to sell my car to the highest bidder immediately. I agree United Finance Company does not waive nor lose any of its rights by accepting this contract." At the time the contract was signed the plaintiff paid to the defendant $100. On August 13, 1956, the plaintiff paid the defendant $200. The plaintiff did not pay the additional $50 and did not have the automobile refinanced and pay the balance, and the evidence does not disclose whether the defendant still retained the automobile or had resold it.

The only reasonable construction that can be placed on the above quoted contract is that the plaintiff and the defendant agreed thereby that the plaintiff would pay the defendant the balance due under the original contract on the day of the foreclosure and that such balance would be paid by the cash payment of $350 payable in three instalments and that thereafter the remaining balance would be paid by one cash payment. We think that it was also understood between the parties that the cost of repossession and sale under the foreclosure proceeding would be added to the balance due. Under the new contract the defendant waived its right of any deficiency arising by reason of the foreclosure and sale but retained the right to sell the automobile at public sale if the plaintiff failed to perform under the new contract and the plaintiff would be liable to the defendant for any difference between what the automobile would bring at such a sale and the remaining unpaid balance owed by the plaintiff, minus any credits due the plaintiff by reason of any unused insurance benefits and financing charges.

The defendant's cross-action was based on its deficiency under the first contract resulting from the foreclosure and judicial sale and it was on this basis that the court directed a verdict in the defendant's favor on the cross-action. As has been stated above,

by virtue of the new contract, the defendant was not entitled to any deficiency arising under the foreclosure of the original contract; therefore, the court erred in directing a verdict for the defendant on that theory. Since the amount the plaintiff owed the defendant by reason of his forfeiture under the new contract would depend upon the amount the defendant sold the automobile for at public sale as prescribed by the new contract, and since the evidence does not disclose whether or not the automobile was ever sold by the defendant under the provisions of the new contract, the evidence did not demand or authorize a verdict for the defendant for a deficiency in any sum.

■ The plaintiff failed to show that the defendant owed him any money by reason of any payments he made under either the original conditional-sale contract or under the new contract entered into on July 30, 1956; therefore, the court did not err in directing a verdict for the defendant in the main action.

The court did not err in denying that portion of the motion for new trial relating to the direction of a verdict in favor of the defendant in the main action. The court erred in denying that portion of the motion for new trial which complained of the direction of a verdict for the defendant in the cross-action.

*Judgment affirmed in part and reversed in part. Quillian and Nichols, JJ., concur.*