37043. DOYLE *v.* UNITED FINANCE COMPANY.

258

DECIDED FEBRUARY 13, 1958—
REHEARING DENIED FEBRUARY 28, 1958.

*Saul Blau*, for plaintiff in error.

*Wall & Maddox*, contra.

TOWNSEND, Judge. ■ "A judgment . . . is conclusive . . . as to all matters put in issue, or which, under the rules of law, might have been put in issue in the trial of the case." *McLendon* v. *Shumate*, 128 *Ga.* 526 (57 S. E. 886). Before this case was tried in the first instance, the plaintiff knew, as shown by his pleadings, that after the defendant foreclosed on and sold the automobile which the plaintiff had in possession under a retention-title contract, the defendant entered into a new contract with him by which it was agreed that the defendant would keep the car in custody from June 30, 1956, the date of the contract, until July 21, 1956; that during this time the plaintiff, by paying $350 and refinancing the balance owing might repossess the automobile, and that upon his failure to do so the defendant might again sell the car at public sale. The plaintiff knew that he had not reacquired possession of the Oldsmobile, and if he did not know that after July 21, 1956, the defendant had again sold it, it was within his power to ascertain this fact by questioning the defendant's witness, who appeared on both trials and on

the second trial testified to the resale of the automobile on October 12, 1956, prior to the first trial. Instead of doing so, and instead of insisting on any right to recover a portion of the amount the defendant had realized from the second sale in excess of what the plaintiff owed him, the plaintiff proceeded on the theory that prior to the foreclosure there had been a mutual rescission of the contract as a result of which the defendant was obligated to return certain instalments the plaintiff had paid on the purchase price. This issue was decided against him in the trial court, and that ruling was affirmed by this court in *Doyle* v. *United Finance Co.*, 96 *Ga. App.* 187 (99 S. E. 2d 522). After a verdict and judgment are rendered in a case, and the judgment is affirmed by the appellate court, no amendment is possible. *Felker* v. *Johnson*, 56 *Ga. App.* 659 (193 S. E. 472); *Forrester* v. *Pullman Co.*, 66 *Ga. App.* 745 (19 S. E. 2d 330). The affirmance of the case by this court of the direction of a verdict against the plaintiff on the main action constituted a final adjudication of the main action. Since the grant of the motion for a new trial referred only to the issues raised by the cross-action, only those issues remained for adjudication when the case went back for retrial. See in this connection *Jackson* v. *Butts*, 148 *Ga.* 312, 315 (96 S. E. 630); *Baker Mercantile Co.* v. *Hancock Bros. & Co.*, 20 *Ga. App.* 799 (9) (93 S. E. 496); *Winn* v. *Armour & Co.*, 184 *Ga.* 769 (3) (193 S. E. 447); *Byrd* v. *Equitable Life Assurance Society*, 185 *Ga.* 628 (3), 636 (196 S. E. 63); *Burkhalter* v. *Deloach*, 171 *Ga.* 384 (9) (155 S. E. 513). Accordingly, the plaintiff had no right after the affirmance of the verdict against him to amend his petition or retry the issues raised in the main action. The trial court did not err in denying his motion for judgment notwithstanding verdict, nor his motion for new trial relating to the direction of a verdict in favor of the defendant in the main action.

■ The decision of a question on a former appeal is the law of the case on a subsequent appeal of the same action. *Burke* v. *Ledsinger*, 115 *Ga.* 195 (41 S. E. 682); *Western & A. R. Co.* v. *Third National Bank*, 125 *Ga.* 489 (54 S. E. 621); *City of Douglas* v. *Union Banking Co.*, 179 *Ga.* 798 (177 S. E. 595). This court, in *Doyle* v. *United Finance Co.*, 96 *Ga. App.* 187, 188, supra, held as follows: "Under the new contract the defendant

waived its right of any deficiency arising by reason of the foreclosure and sale." This is the only right the defendant sought under its pleadings, and, in any event, since it had not abided by the terms of the second contract between the parties and had not resold the automobile at public sale, it could not have been entitled to a deficiency resulting from the second sale. The motion for a judgment notwithstanding the verdict made by the plaintiff related solely to his action in the main case, and not to the cross-action filed by the defendant. Had the motion been broad enough to include the defendant's cross-action it would have been the duty of the trial court to have granted it. The evidence demanded a verdict against the defendant on the issues raised by its cross-action. The trial court erred in directing a second verdict in its favor for the deficiency arising from the foreclosure sale, and in denying that portion of the motion for new trial which complained of the direction of a verdict for the defendant in the cross-action.

*Judgment affirmed in part and reversed in part. Gardner, P. J., and Carlisle, J., concur.*