39325. BURNS v. BRICKLE et al.

Decided May 24, 1962—Rehearing denied June 14, 1962.

*Sanders, Thurmond, Hester & Jolles,* for plaintiff in error.

*Fulcher, Fulcher, Hagler & Harper, William C. Reed,* contra.

CARLISLE, Presiding Judge. Mrs. Bertie Marie Burns brought suit against John Brickle and Standard Coffee Company, Inc., to recover for her personal injuries allegedly sustained as the result of an automobile collision proximately caused by the negligence of the defendant Brickle. The defendants filed a plea to compel the plaintiff to elect between prosecuting this suit and another which she had previously filed against the same defendants to recover, under the provisions of *Code Ann.* § 105-1307, the full value of the life of her son, James W. Burns, Jr., who it was alleged died instantly as the result of injuries he received in the same automobile collision as that on which this action is predicated. The trial court sustained the motion of the defendants to dismiss the plaintiff's action for her personal injuries on the ground that the pendency of the action for the death of her son constituted a bar to the prosecution of this case. The assignment of error here is on that judgment.

Prior to the enactment of the wrongful death statutes (now codified as *Code Ch.* 105-13), and, under the common law, the right to recover for the negligent homicide of a husband, wife, parent or child, did not exist. *Bloodworth v. Jones,* 191 Ga. 193, 194 (11 SE2d 658). The acts from which this chapter was codified establish liability for wrongful death where none existed before. *Western &c. R. Co. v. Michael,* 175 Ga. 1, 13 (165 SE 37); *Thompson v. Watson,* 186 Ga. 396, 405 (195 SE 190). While the individual sections of this chapter were enacted at different times and have been separately amended at different times, they, nevertheless, all have for their purpose the same objective, that is, to establish the right of a husband and child, or children, to recover for the homicide of their wife and mother, of a wife or children to recover for the homicide of the husband or the father, and of the mother, or, if none, the father to recover for the homicide of his or her child, or children. The provisions of this chapter, therefore, should be construed together (*City of Elberton v. Thornton,* 138 Ga. 776,

76 SE 62, AC 1913E 994), and a construction given to one provision, unless manifestly inapplicable, should be applied to the others.

A cause of action has been defined as, "being the fact or facts which establish or give rise to a right of action, the existence of which affords a party a right to judicial relief." 1 Am. Jur. 404, Actions, § 2. If the facts which give rise to the cause of action are the same the action is but a single one, but if different facts establish or give rise to the right of action, although some of the same evidence may be admissible in both cases, the actions are separate and may be separately maintained subject to the power of the trial court to order the consolidation of the two actions. 1 Am. Jur. 482, Actions, § 97. According to the view which this court entertains, the right to recover for the wrongful death under the facts of this case is a separate cause of action from the right to recover for personal injuries of the plaintiff and not merely an additional element of damages, and the two actions ought not to be required to be brought together even though they arise out of the same wrongful or tortious act. This is so because the right of one to recover for property damages and personal injury has its origin in the common law and the plaintiff need assert no statutory authority in order to sue for personal injuries or property damage. It is a right personal to the injured person and if it survives after his death it survives only to his personal representative. *Thompson v. Watson*, 186 Ga. 396, supra. On the other hand, as shown above, actions for wrongful death are statutory in origin and repose in the person or persons to whom such right is given by the statute solely by reason of the survivor's relationship to the deceased. Thus the injury sustained by the plaintiff on account of the death is sustained in a different capacity from the injury sustained by the plaintiff on account of his or her own personal injuries, and for this reason the rule against splitting causes of action is not applicable. *N. C. & St. L. R. v. Hubble*, 140 Ga. 368, 371 (78 SE 919, LRA 1915E 1132); Southern R. Co. v. King, 160 F 332 (2).

Furthermore, while the period of limitation to sue for personal injuries and for wrongful death is two years (*Code*

§ 3-1004; *Atlantic V. &c. R. Co. v. McDilda,* 125 Ga. 468, 54 SE 140, 114 ASR 240; *Chapman v. Central of Ga. R. Co.,* 20 Ga. App. 251 (2), 92 SE 1025), yet the statutes do not necessarily start to run at the same time even though the death sued for results from the same wrongful act which produced the personal injuries sued for. 1 Am Jur. 452, Actions, § 60. With respect to the personal injuries, the right of action accrues to the plaintiff as of the instant the injuries are inflicted and the statute of limitation begins to run from that instant, but in the case of a wrongful death the action does not accrue until the death occurs even though death does not occur until many months or years after the tortious act which caused it, and, consequently, the statute does not begin to run against the person granted the right of action under the wrongful death statute until death does occur. *Western &c. R. Co. v. Bass,* 104 Ga. 390 (1) (30 SE 874); *Glover v. Savannah &c. R. Co.,* 107 Ga. 34 (2) (32 SE 876).

Consideration of one further principle of law also constrains this court to hold that the actions are two rather than one. The pendency of a former action is a defense to the prosecution of a present action under the same circumstances as a former adjudication would be. Such a former adjudication is conclusive and binding only where the parties are the same and the issues which were, or could have been, litigated in the former action were the same as those in the present action. *McLendon v. Shumate,* 128 Ga. 526 (2) (57 SE 886); *Spradlin v. Georgia R. &c. Co.,* 139 Ga. 575, 576 (77 SE 799); *Seaboard Air-Line R. v. Insurance Co. of N. America,* 18 Ga. App. 341, 346 (2) (89 SE 438); *Doyle v. United Finance Co.,* 97 Ga. App. 257, 259 (1) (102 SE2d 637). Neither of these tests was fully met by the plea in this case, for, as shown above, while the parties in the two actions may be nominally the same, the plaintiff seeks recovery in one in her own personal right under common-law principles, and in the other in a purely representative capacity as the mother of the deceased child. In the former action, the death of the child is not and could not be an issue, and evidence thereof would be irrelevant, but in the wrongful death action proof of the death of the child is essential to give rise

154

to the cause of action in the first place. Thus, the facts and issues which give rise to the two causes of action are not the same, and the two may be separately maintained.

What we now hold seems to be with the great weight of authority in this country. See Anno. 161 ALR 208; 1 CJS 1332, Actions, § 104c; 16 Am. Jur. 105, Death, § 155; Chamberlain v. Mo-Ark Coach Lines, Inc., 354 Mo. 461 (189 SW2d 538, 161 ALR 204); Marcus v. Huguley (Tex. Civ. App.) 37 SW2d 1100, 1104; and Western Union Tel. Co. v. Preston, 254 F 229 (2). The court erred in sustaining the plea, in dismissing and abating the action of the plaintiff for her own personal injuries, and in holding that the plaintiff could not at the same time and in different suits separately pursue the two actions. The plea in this case cannot be construed as a motion invoking the discretion of the trial court to consolidate the two actions which would present a different question. See *Georgia R. &c. Co. v. Gardner,* 118 Ga. 723, 725 (45 SE 600); and, *Atlantic C. L. R. Co. v. DuPont,* 122 Ga. 251 (2) (50 SE 103).

*Judgment reversed. All the Judges concur.*