MANUEL RAFAEL RAMOS RIVERA ET AL., Plaintiffs and Appellees, *v.* COMMONWEALTH OF PUERTO RICO ET AL., Defendants and Appellants.

No. R-63-202.     Decided September 22, 1964.

*J. B. Fernández Badillo, Solicitor General,* and *J. F. Rodríguez Rivera, Assistant Solicitor General,* for appellants. *Rivera Zayas, Rivera Cestero & Rúa* for appellees.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

This is a claim for damages against the Commonwealth of Puerto Rico for negligence of one of its employees. According to the juridical facts of the petition for review, "In that complaint plaintiffs alleged and sought remedy for four alleged causes of action, predicated, briefly, the first on physical and mental damages suffered by Manuel Rafael Ramos Rivera, plaintiff herein; the second for the death of plaintiff's wife; the third for the death of plaintiff's son; and the fourth for the destruction of the vehicle, the latter claim having been made by Travelers Insurance Co., plaintiff herein, alleging that it had paid to plaintiff Ramos Rivera the sum of $1,100 and that in so doing it subrogated itself in all his rights to make claim against third persons. The case went to trial, and on August 6, 1963, the trial court rendered judgment ordering the Commonwealth of Puerto Rico to pay $12,750 for the first alleged cause of action; $2,550 for the second alleged cause of action; $5,100 for the third alleged cause of action; and $935 for the fourth alleged cause of action. The latter sum was awarded to coplaintiff Travelers Insurance Company after recognizing its contention that it had subrogated itself in the rights of plaintiff Ramos Rivera." There is therefore involved one single accident giving rise to great physical injury to the husband, the death of his wife, the death of a former child of the husband, and the destruction of the family vehicle. The only survivor, plaintiff herein, filed a single complaint involving four causes of action, each relating to the different damages suffered by him.

The error alleged by the Commonwealth of Puerto Rico is the erroneous application of Act No. 104 of June 29, 1955 (Sess. Laws, p. 550), in awarding a sum exceeding $15,000

for damages suffered by a *single plaintiff* in the *same accident.*

Section 2 (a) of Act No. 104 of June 29, 1955, provides: "Authorization is hereby granted to sue the Commonwealth of Puerto Rico before the Court of First Instance of Puerto Rico for the causes set forth in the following actions: (a) Actions for damages to person or property up to the sum of $15,000 caused by a culpable or negligent act or omission of any officer, agent, or employee of the Commonwealth, or of any other person acting in an official capacity within the scope of his duty, office, or employment."

In *Valentín* v. *Commonwealth*, 84 P.R.R. 108, 117 (Santana Becerra) (1961), cited by appellant as ground for review, what we held was that the $15,000 liability limit fixed by Act No. 104 of 1955 refers to the damages suffered by each plaintiff and not to the totality of the damages suffered by all the plaintiffs in the same accident. In this case the situation is the inverse, namely, a plurality of damages suffered by one person by reason of his different relationship with each person injured.

As an analogical starting point, it must be observed that Act No. 104, in providing compensation up to a specified limit, refers to "actions" for damages to a person or to property. The word "actions" is an abbreviated expression of the traditional term "causes of action" so frequently used in our proceeding. There is no question that in an accident there may be diverse relationships between the persons injured and different circumstances of time and space pointing to the separability of each cause of action. The decisions are more and more inclined to consider the relationship of each person with an accident or culpable act as a distinct cause of action which should be compensated independently one from the other, in one single claim or in separate claims, in accordance with the requirements of the rules of procedure applicable to each jurisdiction and

thus they constitute causes of action separate from each other, even though they arise from the same accident, that of one person for his own physical damages and for the damages to another person for whom he has the right to make claim by reason of family relationship, dependency, subrogation, etc. 1 Am. Jur.2d 659, § 146 (1962) ; *Paydon* v. *Globus*, 255 S.W.2d 61, 65 (Bennick) (1953) ; *Southern Ry. Co.* v. *King*, 161 Fed. 322, 335 (Burns) (1908) ; *Burns* v. *Brickle*, 126 S.E.2d 633, 634–35 (Carlisle) (1962) ; *Chamberlain* v. *Mo. Ark Coach Lines*, 161 A.L.R. 204, 206–07, annot. at p. 208 (Hyde) (1945).

■ The same logical principle which led us to hold in *Valentín* v. *Commonwealth, supra,* that the $15,000 liability limit fixed by Act No. 104 refers to the damages suffered by each plaintiff, is valid in deciding that where several causes of action are vested in the same party, each one of them, as a separate claim from the other, should be compensated up to the sum of $15,000, although pursuant to the procedural requirement of the jurisdiction all of them should be included in the same claim, unless there are circumstances of time and space, within the statute of limitations, requiring otherwise.

■ Regarding the separability of the actions, the same juridical fact arises where the insurer has acquired the right to subrogate itself by reason of having paid to the insured the damages to his property. In that case the insurer has a cause of action independently from that which the insured would have had, or still has, up to the amount paid. *Rush* v. *City of Maple Heights,* 147 N.E.2d 599, 606 (Herbert) (1958).

The result which we have reached is the same as if the action were against a private person, but we know that that is the philosophy underlying the amendment to § 1803 of the Civil Code by Act No. 104 of June 29, 1955, in that

part which provides: "The Commonwealth is liable in this sense under the same circumstances and conditions as those under which a private citizen would be liable."

The judgment rendered by the Superior Court of Puerto Rico, Caguas Part, on August 6, 1963, will be affirmed as to the only error assigned in this appeal.