BAKER *et al.* administrators, *vs.* THOMPSON *et al.*

A suit was brought and process regularly issued, returnable to the next term of the court, but no service was perfected. The omission having been discovered at the trial term, an order was passed by the court, the effect of which was to make the case returnable to the next succeeding term, and to afford the party an opportunity to have the writ served. The clerk neither changed the date of the original process nor appended a new process, nor did he attach this order to the original writ and copy, but the writ, as it stood, was served twenty days before the term to which it was last made returnable, and at the trial term, there being no appearance or defence, a judgment by default was rendered. This was acquiesced in for ten years, when, a levy having been made and a claim interposed, a motion was made to reject the execution from evidence, on the ground that the process was void:

*Held*, that, although the process, as served, was irregular, and may have been illegal as not following the requirements of the law, it

was not void. It could have been amended, and the defendant, having notice of the pendency of the suit, and having failed to object in time to these defects, and having suffered judgment to go against him, without urging them, he thereby waived them, and they were cured by the judgment, and having acquiesced in it, he was estopped from calling it in question; it was binding between the parties, and in the absence of fraud was binding upon third persons. (*a.*) The court below, having first ruled the process to be void, was right in correcting this ruling by granting a new trial.

February 9, 1886.

Process. Nullities. Practice in Superior Court. Waiver. Estoppel. New Trial. Before Judge LUMPKIN. Warren Superior Court. April Term, 1885.

Thompson sued Mayes on an unconditional contract in writing to April term, 1874, of Warren superior court.

The process attached to the original petition bears date March 17, 1874, and requires defendant " to be and appear at the superior court, to be held in and for said county on the first Monday in April next."

At the October term, 1874, the following order was taken:

" There having been no service of defendant in this case, or waiver of service, upon motion of plaintiff's counsel, it is ordered that said case be continued until the next term of this court."

No new process was attached, and on January 4, 1875, the defendant was served, which was more than twenty days before the April term, 1875. At the October term, 1875, judgment by default was entered.

The execution issuing from this judgment was levied on certain property, which was sold in 1876. In 1878, it was levied on certain lands, and a claim was interposed.

On the trial of the claim case, at April term, 1885, claimants objected to the *fi. fa.* on the ground that the judgment from which it issued was void. This objection was sustained, and a verdict was rendered finding the property not subject. The presiding judge afterwards granted a new trial, because, in his opinion, he had erred in deciding that said judgment was void, and in excluding said *fi. fa.* from the jury. The claimants excepted.

Baker *et al.*, administrtors, *vs.* Thompson *et al.*

The plaintiff having died pending the case, Thompson *et al.*, his heirs at law, were made parties plaintiff.

W. D. Tutt; E. P. Davis; James A. Harley, for plaintiffs in error.

James Whitehead, for defendants.

Hall, Justice.

The court, we think, erred in holding the judgment rendered in this case void, and was certainly right in correcting his error by awarding a new trial on the plaintiffs' motion. The process attached to the declaration was regular and proper as first issued. There was no service of it to call the defendant to the term of the court to which it was returnable, and the omission was not discovered until the trial term, when an order was passed by the court, the effect of which was to make the case returnable to the succeeding term, and to afford the party an opportunity to have the writ served. The clerk neither changed the dates of the original process nor appended a new process, nor did he attach this order to the original writ and copy. The writ in this condition was served twenty days previous to the term to which it was last made returnable, and at the succeeding or trial term, the defendant failing to appear or to make defence, a judgment by default was rendered against him. In this he acquiesced for three years, and at the end of that time, the execution issuing on the judgment was levied, and the property on which the levy was made having been claimed, on the trial of the issue made upon the claim, the plaintiffs in error made the motion above stated, and the foregoing facts appearing, the execution was ruled out, because, as the court then thought, the process was void. On another hearing, however, he came to a different conclusion. It is very true that the process, as served, may have been irregular for want of conformity to the practice of the courts; it may have been illegal, too,

because it failed to follow the requirements of the law; it was not void, however, because it could have been amended, but if the defendant had notice of the pendency of the suit and failed to object in time to these defects, and suffered judgment to go against him without insisting on them, then he waived them and they were cured by the judgment. The judgment, when rendered, was acquiesced in, and he certainly was estopped from calling it in question; and being binding between the parties, it was, in the absence of fraud, equally binding upon third persons. Code, §§3345, 206; Cobb's Dig., 488; *Blake vs. Camp*, 45 *Ga.*, 298, 299; *Dobbins vs. Jenkins*, 51 *Id.*, 203; *Williams vs. Buchanan & Bro.*, decided at the present term, establish principles that fully vindicate the final conclusion reached by the judge in this case.

Judgment affirmed.