HEIDT *v.* CANUET & COMPANY.

SIMMONS, C. J.    1. In determining whether or not a superior court erred in dealing with a certiorari, this court must ascertain the facts by looking to the statements made in the answer to the writ of certiorari, and consequently allegations in a petition for certiorari can not, except as verified by the answer, be considered.

2. Applying this obviously correct rule to the present case, it manifestly appears that the verdict rendered in the justice's court, in the plaintiff's favor, was right and the only result which could have been legally arrived at under the pleadings and the evidence.    This being so, the court erred in sustaining the certiorari sued out by the defendants.

*Judgment reversed.    All the Justices concurring.*

Argued February 7, — Decided March 17, 1899.

Certiorari.    Before Judge Falligant.    Chatham superior court.    December term, 1897.

*J. G. & D. H. Clark,* for plaintiff in error.
*Alexander & Hitch,* contra.

---

COLLINS, GRAYSON & CO. *v.* MOBILE FRUIT & TRADING CO.

SIMMONS, C. J.    This case presents no question of law, and no error is alleged except the refusal of the court below to grant a new trial.    The evidence, though conflicting, fully warranted the verdict, and the trial judge was satisfied with the same.    In view of the long-established and unvarying rule applicable in such cases, there was no good reason for anticipating a reversal of the judgment below, and consequently the case must have been brought to this court for the purpose of delay only. Accordingly, on motion of counsel for defendant in error, ten per cent. damages are awarded in its favor against the plaintiffs in error. In future this court will in similar cases award damages for delay, whether asked for or not.

*Judgment affirmed, with damages.    All the Justices concurring.*

Argued February 8,— Decided March 17, 1899.

Complaint.    Before Judge Falligant.    Chatham superior court.    June 10, 1898.

*Charlton, Mackall & Anderson,* for plaintiffs in error.
*William W. Gordon Jr.,* contra.