## JONES *v.* DODD.

A suit brought in a justice's court to recover a sum of money within the jurisdiction of that court, which was due by the trustee to the plaintiff as beneficiary of a trust estate, on her arriving at age, could not be treated as an action by a creditor to subject trust property to a debt created for the benefit of the trust estate. Where the summons issued in such a suit against the defendant as an individual, and he filed his answer thereto in such capacity, denying his liability, a judgment founded upon a verdict for the plaintiff constitutes a valid lien upon the defendant's property. When, therefore, a fi. fa. has issued upon such judgment and has been levied upon property of the defendant to which a claim has been filed by a third party, it is error for the court to dismiss the levy, on motion of claimant's counsel, upon the ground that the original pleadings show that the suit was brought against the defendant as trustee and the judgment and fi. fa. are against the defendant individually.

Submitted June 10, — Decided July 26, 1899.

Levy and claim.    Before Judge Kimsey.    Habersham superior court.    September term, 1898.

*J. C. Edwards* and *W. T. Crane*, for plaintiff.
*C. H. Sutton*, contra.

LEWIS, J.    A justice's court fi. fa. in favor of Mary Jones against Allen Dodd was levied upon a certain tract of land to which Katie Dodd filed her claim.    When the claim case came on for trial in Habersham superior court, after the plaintiff in fi. fa. had closed her evidence, the claimant introduced the original summons, pleadings, verdict and judgment upon which the fi. fa. issued, as follows: " Georgia, Habersham County.    To any lawful constable of said county.    Mary Jones *vs.* Allen Dodd, trustee to Mary Jones.    Complaint in Justice Court, 752d district G. M.    The defendant, Allen Dodd, of said county and district, is hereby required to be and appear at the Justice Court to be held at the court-house in and for said district on the 24th day of November, 1894, by ten o'clock a. m., to answer the complaint of plaintiff in an action of debt on account, a copy of which is hereto attached, as in default the court will proceed as to justice shall appertain.    Witness my hand and official signature this November 1st, 1894.    A. W. Harper, J. P."    *Copy of account sued on:* "Allen Dodd, trustee, to Mary Jones as cestui que trust, Dr.    In 1891, January 1st, to trust estate belonging to Mary Jones as cestui que trust, besides interest, $100."    *Answer of defendant.*    "Mary Jones *vs.* Allen Dodd.    Suit in Justice's Court, 752d district G. M., Habersham county.    On account.    And now comes the defendant Allen Dodd, by his atty. J. J. Bowden, and for plea and answer to the above-stated case says that he is not indebted to plaintiff as alleged; and for further plea that he is not indebted to plaintiff anything; that he never received but $50 as property of plaintiff, and he has paid out several times this amount for maintenance and education of said plaintiff during her minority, and of this he puts himself upon the country.    Allen Dodd.    Sworn to and subscribed before me, this December 22, 1894.    A. W. Harper, J. P."    *Verdict and judgment.*    "We, the jury, find for plaintiff $75 as principal, with interest from majority, Septem-

ber, 1891. Robt. E. L. Franklin, Foreman." "Whereupon it is adjudged by the court that the plaintiff, Mary Jones, do recover of the defendant, Allen Dodd, the sum of seventy-five dollars principal, and the further sum of eighteen dollars and twenty-two cents interest to judgment, and all future interest at the rate of seven per cent. per annum, and twenty-nine dollars and seventy cents costs of suit. Judgment signed March 15th, 1895." (Signed by plaintiff's attorneys.) At the close of the testimony on both sides, claimant's attorney moved the court orally to dismiss the levy and the case, upon the ground that the original pleadings showed that the suit was brought against the defendant in fi. fa., Allen Dodd, as trustee, and the judgment and fi. fa. were against the defendant individually. The court sustained the motion and dismissed the levy, to which ruling the plaintiff excepts.

1. Counsel for defendant in error claims that the judgment upon which the fi. fa. issued was absolutely void as to third parties, for the reason that the suit was against the defendant as trustee, while the judgment was against him individually; and for the further reason that in the action no property was set forth as belonging to the trust estate, as required by the law in proceedings to subject such estates to claims held against them. We think a proper construction of the entire proceedings had in the justice's court leads to the conclusion that the action was not one to subject a trust estate, but to obtain an individual judgment for personal liability against the defendant, who had been trustee for the plaintiff. Even construing the account alone, we think it indicates a purpose to charge a personal or an individual debt against the trustee. It in effect states that Mary Jones, by virtue of the fact that she is the beneficiary of a trust estate, has a money demand for $100, for which her trustee, Allen Dodd, is individually liable. But even if there were any doubt or ambiguity growing out of the peculiar form in which the account is written, the remainder of the record in the justice's court removes all such uncertainty. The summons itself issued against Allen Dodd individually, and not as trustee. The presumption is that the magistrate was directed by the plaintiff to so issue the summons.

The defendant's plea construes the suit as an individual action against him, to which he pleads individually. He claims that he has never had but $50 as the property of the plaintiff, and that he has more than paid out that amount in her maintenance and education. The jury returned a verdict for the plaintiff, which obviously meant a finding against Allen Dodd as an individual, and it would have been manifestly wrong to enter up judgment against him in any other capacity. No formal pleadings are required in a justice's court. The law does not enjoin upon the plaintiff the obligation to fully and distinctly set forth his cause of action with the same minuteness and clearness that is required of pleadings in courts of record. The suit is brought simply by the issuing of summons, attached to which is usually a statement giving some indication of the nature of the debt sought to be recovered. This is sufficient if enough is stated to put the defendant on notice, or, as this court has virtually decided, even on inquiry as to the character of the claim sought to be enforced. In this case it appears from the defendant's answer itself that he knew exactly the nature of the demand upon which a personal judgment against him was sought; and if there was any defect or irregularity in the pleadings, he waived it by his plea to the merits.

It is a well-settled rule of law that a final judgment in a case, even in courts of record, cures all irregularities in the pleadings which could have been met by amendment had they been objected to in time. In the case of *Maxwell* v. *Harrison*, 8 *Ga.* 61, it was decided that, "In an action of trover against one, charging him *as trustee*, etc., the plaintiff may amend by striking out the words, *as trustee*, etc." Judgments which cure such defects are not only binding upon the parties to the suit themselves, but, in the absence of fraud, upon third persons as well. In the case of *Baker* v. *Thompson*, 75 *Ga.* 164, it appeared that there was a defect touching the perfection of service. This court held, that although the process as served was irregular and may have been illegal as not following the requirements of the law, it was not void, but could have been amended; and the defendant, having notice of the pendency of the suit, and having failed to object in time to these defects,

and having suffered judgment to go against him without urging them, thereby waived them, and they were cured by the judgment; that it was binding between the parties, and in the absence of fraud was binding upon third persons. There is a manifest difference between this suit in the justice's court and one by a creditor who seeks to subject a trust estate to his debt. Such a creditor can not enforce his claim by obtaining an individual judgment against the trustee; for if his claim is a valid one, on account of its being created for the benefit of the trust estate, there is no personal liability of the trustee. The obligation of the defendant in this justice's court suit, however, was an individual one. The presumption of course is that the plaintiff made out her case by proper testimony. The verdict of the jury found for her interest from her majority, in 1891. The clear inference, in the light of the record before us, is that when she arrived at her majority the trustee became personally liable to pay over to her a certain amount of money which he had held in trust for her during her minority; and this became an individual and personal debt against him when she became of age, and upon this idea she had a verdict. We think, therefore, that the court erred in treating the judgment of the justice's court as a mere nullity, and in dismissing the levy.    *Judgment reversed. All the Justices concurring.*