### 9384. WILLARD v. STONE.

An act creating the city court of Baxley limits each term of the court to four weeks from the actual beginning of the term. Where an attachment is returnable to a certain term of that court, a declaration based thereon, filed more than four weeks from the actual beginning of the term, should be dismissed.

DECIDED MAY 16, 1918.

Attachment; from city court of Baxley—Judge Lawrence. November 8, 1917.

*Padgett & Watson,* for plaintiff in error.

*W. W. Bennett,* contra.

BLOODWORTH, J.  On November 26, 1915, Cassie Stone sued out an attachment against T. R. Willard, returnable to the February term, 1916, of the city court of Baxley, which convened on the first Monday in February, 1916, and the attachment was levied on certain personal property and returned to that term of the court.  On March 10, 1916, the plaintiff filed her declaration in attachment, and on November 27, 1916, the defendant filed a motion to dismiss the action, upon the ground that the declaration was not filed at the first term, as required by law.

The act approved August 17, 1911 (Ga. L. 1911, p. 209), amending the act creating the city court of Baxley (Ga. L. 1897, p. 423), provides, that "the regular terms of said city court of Baxley shall be held on the first Monday in February, May, August, and November of each year.  The judge shall have power to hold said court in session from day to day for a period of not longer than four weeks from the beginning of each term."  While the point was not directly involved, we think the Court of Appeals, in the case of *Walker* v. *Lott-Lewis Co.,* 15 *Ga. App.* 769 (84 S. E. 195), properly construed this law, when it said: "It seems to us that the only purpose of the General Assembly in the act creating the city court of Baxley, in enacting this provision, was to limit all terms of the court to four weeks from the actual beginning of the term, no matter whether it begins on the date fixed by the act, or at a later date, fixed by an order of adjournment, which may defer the session in accordance with law."  Under that ruling, when the February term of the city court of Baxley began on the 7th day of the month, the term automatically expired four weeks therefrom, even though the court may not have been in continuous session from day to day during that period; and a declaration in attachment, filed with the clerk of the court on March 10, was not filed at the first term, and it was error to overrule a motion to dismiss the declaration on the ground that it was not filed at the first term of the court.  *Wright* v. *Brown,* 7 *Ga. App.* 389 (66 S. E. 1034), and cases cited.  Even if it were legal, as contended, for the judge to adjourn the court to a time after the expiration of four weeks from the beginning of the term, he could do so only

by proper order, and it is not claimed that such an order was taken.

*Judgment reversed. Broyles, P. J., and Harwell, J., concur.*