MEDDERS *v.* LEWIS.

PER CURIAM. The Court of Appeals requested instruction from the Supreme Court upon the following question involved in this case: The act approved August 17, 1911 (Ga. L. 1911, p. 209), amending the act creating the city court of Baxley, provides that "the regular terms of said city court of Baxley shall be held on the first Monday in February, May, August, and November of each year. The judge shall have power to hold said court in session from day to day for a period of not longer than four weeks from the beginning of each term." The act creating the city court of Baxley (Ga. L. 1897, sec. 10, p. 423), provides that "said judge of the city court of Baxley shall have all the powers and authority throughout his jurisdiction of judges of the superior courts, except where, by law, exclusive powers and authority is vested in the judges of the superior courts, and all laws relating to and governing judges of the superior courts shall apply to the judge of the city court, so far as the same may be applicable, except as herein provided." Was a declaration in attachment, returnable to the February term, 1922, of the city court of Baxley, filed in time, where the record shows that the regular February term of the court convened February 6, 1922; "and again convened on February 27, 1922, and was regularly in session until March 4, 1922," on which date the judge passed an order providing that the term be "recessed to Friday, March 10th, at which time business shall be transacted as of said term;" and that the plaintiff's declaration in the attachment proceeding was filed on March 10, 1922? In other words, where the statute provides that the judge of a city court "shall have power to hold said court in session from day to day for a period of not longer than four weeks from the beginning of each term," and the record shows that the court convened on the day prescribed by law, and, without any order of adjournment being taken, again convened on
27

a subsequent date, but within the four-weeks period from the first day of the term, and was regularly in session thereafter, until an order was passed on a day still within the four-weeks period, "recessing" the term to a date beyond the four-weeks period, does this order have the effect of continuing the term to the last-mentioned date, so as to permit the filing of the declaration in attachment at that time? See, in connection with this question: Civil Code of 1910, §§ 4875-4877; *Cochran* v. *State,* 113 *Ga.* 726, 733 (5) (39 S. E. 332); *Willard* v. *Stone,* 22 *Ga. App.* 335, 336 (95 S. E. 994); *Walker* v. *Lott-Lewis Co.,* 15 *Ga. App.* 769 (84 S. E. 195).

Under the ruling made in the case of *Willard* v. *Stone* (supra) this order did not have the effect of continuing the term of court to the last-mentioned date, so as to permit the filing of the declaration in attachment at that time; and this court is of the opinion that the question propounded was properly decided by the Court of Appeals in the case just cited.

*All the Justices concur, except Beck, P. J., and Hill, J., dissenting.*

No. 4005.   JUNE 12, 1924.

Question certified by Court of Appeals (Case No. 14399).

*H. L. Williams,* for plaintiff in error.   *V. E. Padgett,* contra.