24710.   TANNER *et al. v.* PATTERSON.

Decided February 22, 1936.

*I. J. Bussell,* for plaintiffs in error.   *Quincey & Quincey,* contra.

Broyles, C. J.   On February 6, 1934, C. L. Patterson swore out a purchase money attachment for certain property, against L. F. Tanner and A. W. Tanner, which was levied (and bond given by the defendants) on February 8, 1934, and returnable to the May term, 1934, of the superior court of Bacon County, which con-

vened on the 21st day of May, 1934. The appearance docket of the May term was called on May 26, 1934. The plaintiff filed his declaration on October 1, 1934. "The May term of Bacon superior court was held open and not adjourned until November 14, 1934. The plea and answer of the defendants was filed in said case on the 21st day of November, 1934, and an amendment thereto was filed in said court on the 22nd day of November, 1934." Verdict and judgment were rendered in favor of the plaintiff. The defendants made a motion for new trial which was overruled, and the defendants assign error.

The only special ground of the motion for new trial alleges that the court erred in overruling the following motion: "Defendants move to dismiss the attachment herein, on the call for trial on 21st day of Nov., 1934, and before a jury was stricken to try said [case] the day before the case was announced ready for trial for the reason that said original attachment was made returnable to the May term, 1934, of the superior court of Bacon county, Georgia, and said May term of Bacon superior court did convene on the 21st day of May, 1934, for the regular May term, 1934, and the appearance docket of the May term, 1934, was called at and on the 26th day of May, 1934, and the declaration in attachment was not filed before the call of the appearance docket of the May term, and was not filed until the 1st day of October, 1934, and not as required by law, and court was held open until 5 days before the 3rd Monday Nov. 1934, and was open at time of filing declaration attachment." The judgment overruling the motion is not excepted to in the bill of exceptions; and, under repeated rulings of the Supreme Court and the Court of Appeals, such a judgment (a ruling upon the pleadings) can not properly be made a ground of a motion for a new trial. "This principle is hoary with age. We bow to it reverently." *Sutton* v. *McLeod,* 29 *Ga.* 589, 594. However, since counsel for the plaintiff in error contends in his brief that the verdict in favor of the plaintiff was a nullity, and that the court therefore erred in overruling the general grounds of the motion for new trial, we will pass on the question as to whether the declaration in attachment was filed within the time required by law. The terms of the superior court of Bacon county began on the 3rd Mondays in May and November, the 21st and 19th, respectively, and the declaration in attachment was filed on October 1, 1934,

during the May term, to which the attachment was returnable, and before it had been adjourned, as shown by the bill of exceptions which was certified as true. Section 8-601 of the Code of 1933, provides that "the plaintiff shall file his declaration at the first term," which, in the instant case, was the May term. "The declaration is in time if filed on the last day of the first term" (*Sutton* v. *Gunn,* 86 *Ga.* 652(4), 658, par. 4, 12 S. E. 979), and it "may be filed at any time during the term to which the attachment is returnable." *Greene* v. *Lombard,* 33 *Ga. App.* 518(4). Under these authorities and the facts of the instant case, the declaration was filed within the time required by law. The case of *Medders* v. *Lewis,* 158 *Ga.* 417 (123 S. E. 605), cited and relied on by counsel for the plaintiff in error, is easily differentiated from the foregoing cases by its particular facts. The verdict and judgment in favor of the plaintiff were amply authorized by the evidence, and the refusal to grant a new trial was not error.

It appearing to this court that this case was brought here for delay only, the request of the defendant in error, that damages to the extent of ten per cent, of the amount of the recovery be awarded him, is granted.

*Judgment affirmed, with damages. MacIntyre and Guerry, JJ., councur.*