24801.   SUSSAN *v.* SMITH, trustee, *et al.*

DECIDED MARCH 7, 1936.

*Roberts & Nall,* for plaintiff in error.

*Bryan, Middlebrooks & Carter, John A. Dunaway, W. F. Smith Jr.,* contra.

BROYLES, C. J.   On December 27, 1929, A. G. Smith, trustee, brought suit against C. E. Sussan for $285, rent for an apartment. On February 4, 1930, judgment for $285, together with interest and

cost, was rendered against the defendant. In July, 1934, A. G. Smith, trustee, for use of W. F. Smith, Jr., transferee, brought a money rule against C. E. Sussan and J. M. George, marshal, undertaking to subject $110, in the hands of the marshal and belonging to Sussan, to the payment of the judgment against Sussan. Sussan filed a traverse to the entry of service of the original suit and also an illegality. The plaintiff demurred to the plea of illegality and the demurrer was overruled. On the hearing the judge of the municipal court overruled the traverse and the illegality, and found that the defendant C. E. Sussan "was legally served and is bound by the judgment" rendered against him on February 4, 1930. Sussan made a motion for new trial which was overruled. The case was then carried to the appellate division of the municipal court and the judgment of the trial judge overruling the motion for a new trial was affirmed. On this judgment of the appellate division the defendant Sussan assigns error.

The substance of the contention of the plaintiff in error is that the original suit for rent was for $285, and in the copy of the suit served on him the amount sued for was $90, and, therefore, the return of the officer reciting that he had served the defendant with a copy of the action was untrue, and the procedure thereafter was illegal. The defendant testified that he didn't know the judgment against him existed until the money rule was brought against him on July 23, 1934, to subject to the payment of the judgment his funds in the hands of the marshal, that when he was served with the copy of the suit showing an indebtedness of $90, he, recognizing that it called for rent he owed, paid (in two separate payments) the $90 and costs to one Sharp, the attorney for the plaintiff, and took receipts from him. He testified that "Mr. Sharp was supposed to dismiss it. He told me it was after I paid the $90 and cost. I was working for the Southern Railway, and garnishment was run on my salary at the same time suit was filed." The receipts, which were introduced in evidence, do not show that the payments were in full settlement of the debt, or that attorney Sharp agreed to dismiss the $285 suit for a payment of $90, but show that he agreed to release the garnishment, the receipt for the last payment reciting: "I will furnish release of garnishment to Southern Railway Company in said cause." That he released the garnishment is undisputed. If the defendant is correct in saying that the attorney

for the plaintiff agreed to dismiss the suit, then, since the defendant was the one whose interest was at stake, the defendant should have followed it up and made certain that the suit was dismissed. Instead of doing this he permitted judgment to be taken against him, and approximately five years later attempts to show that it is void. "It is a well-settled rule of law that a final judgment in a case, even in courts of record, cures all irregularities in the pleadings which could have been met by amendment had they been objected to in time." *Jones* v. *Dodd,* 108 *Ga.* 513, 516 (34 S. E. 169). In *Baker* v. *Thompson,* 75 *Ga.* 164, the decision was: "*Held,* that, although the process as served was irregular, and may have been illegal as not following the requirements of the law, it was not void. It could have been amended, and the defendant, having notice of the pendency of the suit, and having failed to object in time to these defects, and having suffered judgment to go against him, without urging them, he thereby waived them, and they were cured by the judgment, and having acquiesced in it, he was estopped from calling it in question; it was binding between the parties, and in the absence of fraud was binding upon third persons." In *Williams* v. *Buchanan,* 75 *Ga.* 789, by mistake the copy-process served on the defendant differed from the original process, and the court held that, under the facts of the case, "the service of the declaration and copy-process was sufficient to put the defendant on notice of the case, and if he took no action until after the rendition of judgment, this clerical defect would not be sufficient to cause it to be set aside; nor would it furnish a ground for an affidavit of illegality." In *Ware* v. *Lamar,* 16 *Ga. App.* 560 (85 S. E. 824), the petition prayed for process requiring the defendant to appear at the "next term" of court, and the original process required him to appear on the first Monday in July, 1914. By mistake the copy-process required him to appear on the first Monday in May, 1914, and it was served on the defendant on May 8, 1914, the next term of court being on the first Monday in July, 1914, and the decision was: "*Held,* that the service of the petition and the copy process was sufficient to put the defendant on notice of the case; and his traverse to the officer's return of service was properly overruled." In *Harris* v. *Taylor,* 148 *Ga.* 663, 668 (98 S. E. 86), the court said: "Under section 5572 [Code of 1933, § 81-114], 'No technical or formal objection shall invalidate any

petition or process; but if the same substantially conforms to the requisitions of this Code, and the defendant *has had notice of the pendency of the cause,* all other objections shall be disregarded.' (Italics ours.) Our Code is liberal in the allowance of amendments, both as to pleadings and process; and section 5709 [section 81-1205 of the Code of 1933] provides that 'The mistake or misprision of a clerk or other ministerial officer shall in no case work to the injury of a party, where by amendment justice may be promoted.'" The foregoing authorities, and others, are applicable in principle to the present issue. That the defendant in the instant case had notice of the suit is shown by the fact that he paid $90 and the cost and had the garnishment dismissed. Having had notice of the pendency of the case, the court in which it was to be heard, and the time that he was required to answer the action, and having suffered judgment to be rendered against him without urging the defect of which he now complains, he is estopped from now calling it in question. The mandate of the court required the defendant, personally or by attorney, to be and appear at the time and place specified "then and there to answer the plaintiff's action, as in default thereof said court will proceed, as justice shall appertain." Had he appeared he could have shown that the copy served upon him specified $90 instead of the $285 as contained in the original declaration and for which judgment was rendered against him by default. There was ample evidence to show that the attorney for the plaintiff did not promise to dismiss the suit; but even if he did, the mere promise of an attorney to dismiss the suit, under the facts of this case, would not relieve the defendant from appearing at the time and place specified to answer the action, or from exercising due diligence in seeing that the case was dismissed as per the alleged agreement.

The appellate division of the municipal court did not err in affirming the judgment of the trial judge in overruling the motion for new trial.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*