## 28911. BOGGS et al. v. SHADBURN.

DECIDED JULY 16, 1941. REHEARING DENIED JULY 31, 1941.

*McElreath, Scott, Duckworth & Riley,* for plaintiffs.

*Neely, Marshall & Greene, W. Neal Baird,* for defendant.

MACINTYRE, J. L. J. Boggs and P. F. L'Engle, doing business under the name of Boggs and L'Engle, brought this action against George L. Shadburn for $128.02, plus cost of court, alleged to be due them under a F. H. A. contract to build a house for the defendant. The plaintiffs contend that the house was considered and approved as completed according to plans and specifications. The defendant's answer alleged that the house was approved by F. H. A., but that he refused to accept such approval, and by reason of the failure of the plaintiffs to comply with the contract $100 of the contract purchase-price was placed in escrow to be held until the plaintiffs would comply with the contract. In further answering this petition the defendant made a counter-claim based upon the theory that the plaintiffs failed to comply with the F. H. A. plans and specifications with reference to grading the yard and that it will cost him $57.50. Further, in failing to carry out the contract to waterproof the basement it will cost defendant $140.80; and for failure of plaintiffs under the plans and specifications to have a door leading from the basement under the breakfast-room it will cost defendant $92.50. Defendant will credit $28 on his claim representing an amount due plaintiffs for extra fixtures, etc. The total net claimed by defendant is $262.78; and he prays a disallowance of anything for the plaintiffs. The case was tried in the civil court of Fulton County before a judge without a jury, and the judge entered judgment in favor of the defendant for $140, and directed that the $100 held in escrow by the First National Bank of Atlanta be allowed on said judgment against the plaintiffs on the main suit, and assessed cost against them. The judge overruled a

motion for new trial based solely on the general grounds, and the plaintiffs appealed to the appellate division of the civil court of Fulton County. The appellate division affirmed the judgment of the trial court. The plaintiffs excepted to this ruling.

"Where a builder has in good faith intended to comply with a contract and has substantially complied with it, although there may be slight defects, caused by a misconstruction of the terms of the contract, and the house as built has been received by the owner, and is reasonably suited for the purposes intended, the contractor may recover the contract price, less the damage on account of such defects. In such case the true measure of damage is the difference between the value of the house as finished and the house as it ought to have been finished under the contract, plans, and specifications." *Small* v. *Lee,* supra. With reference to the basement, the plans and specifications provide for "a dry basement, where dampness or water conditions exist. Walls and floors shall be made water-tight before final acceptance." With reference to grading, they provide: "Finish grades shall be brought to levels shown on drawings and shall be sloped to drain water away from the building. Backfill shall be placed in 12″ layers. Each layer shall be puddled and tamped before additional layers are placed. Front of lot shall be graded and shaped and grass seed put in, also 25 pieces of evergreen shrubbery set out." Construing the evidence most strongly to upholding the judgment, the judge was authorized, under the evidence, to find that the defendant was dissatisfied with the house, and it was accepted under an agreement that $100 of the contract purchase-price was to be deposited with the First National Bank in escrow to insure that the plaintiffs would properly grade the yard and waterproof the basement as required under the contract. The evidence authorized a finding that the basement leaked on three separate occasions. The first time defendant notified the plaintiffs and they painted the basement with waterproof cement paint which was not satisfactory to the defendant. The second time it leaked the plaintiffs were notified, and they merely came out and mopped out the basement, and did nothing toward waterproofing it. On the third occasion the defendant mopped out the basement, but the plaintiffs were not called, because of the pending suit and the counter-claim. The evidence for the defendant authorized a finding that it would cost $140.80 to waterproof the basement. It further

authorized a finding that the yard was not properly graded according to the plans and specifications, and it would cost him $57.50 to do so properly. The defendant admitted owing plaintiffs $28.02, and was willing to strike a balance for that amount. The net amount the defendant could have recovered under the evidence was $160.28. The evidence for the plaintiffs showed that they were contending for the $28.02 and the $100 held in escrow. The judge rendered a judgment of $140 for the defendant.

The rule in the *Small* case, supra, is the correct rule for the measure of damages in cases of this character, and the judge seems to have attempted to follow this rule in arriving at his judgment. The evidence presented a question of fact, and his finding was authorized by the evidence. The evidence was merely conflicting, and fully warranted the judgment. In the opinion of this court the case was brought to this court for delay only. Therefore, on motion by the defendant, ten per cent. damages is awarded in addition to those assessed by the trial court. Code, § 6-1801.

*Judgment affirmed, with damages. Broyles, C. J., and Gardner, J., concur.*

### ON MOTION FOR REHEARING.

MacIntyre, J. We have only amplified the original opinion by elaborating upon the evidence. This case presents no question of law, and no error is alleged except the refusal of the court below to grant a new trial. The evidence, though conflicting, fully warranted the judgment, and the trial judge was satisfied with the same. His finding was affirmed in the appellate division of the civil court of Fulton County. In view of the long-established and unvarying rule applicable in such cases, there was no good reason for anticipating a reversal of the judgment below; and consequently the case must have been brought to this court for the purpose of delay only. In this case the defendant in error made a motion for the damages, but it might be noted that the Supreme Court has said that "In future this court will in similar cases award damages for delay, whether asked for or not." *Collins* v. *Mobile Fruit &c. Co.,* 108 *Ga.* 752 (32 S. E. 667). The mere award of damages in this case does not reflect upon the honesty and ability of counsel for plaintiffs as intimated by them in the motion for rehearing, any more than did the decisions in the *Collins* case, supra, and *South-*

*ern Ry. Co.* v. *Lasseter,* 115 *Ga.* 689 (42 S. E. 41), reflect upon the honesty and ability of counsel for the plaintiffs in error in those cases. In the *Collins* case, Charlton, Mackall & Anderson were counsel for the plaintiffs in error and in the *Lasseter* case Dessau, Harris (later Governor of Georgia) and Harris were counsel. All were well-known lawyers of the highest ability and integrity, and the records in those cases do not disclose that they construed such an award as any intimation of any reflection upon their honesty or ability. Without any reflection or intimation of any reflection on any one, this opinion was written in the light of the *contentions* of the parties and the rules of law applicable thereto as they related to the facts of the particular case. A rehearing is denied, and the judgment assessing damages is reaffirmed.

*Rehearing denied. Broyles, C. J., and Gardner, J., concur.*