OLIVER *v.* CRAWFORD, warden.

No. 14167.   JUNE 18, 1942.

*Joseph B. McGinty,* for plaintiff.

*Robert M. Heard* and *Tate Conyers,* city-court solicitor, for defendant.

GRICE, Justice. The February term of the city court convened on February 9, 1942. Business was transacted, and on the following day the judge announced from the bench that an adjourned term of the court would be held on the third Monday in March (March 16), 1942, and an order to that effect was entered on the minutes. On March 18 the defendant, having pleaded not guilty, was tried, convicted, and sentenced. It is his insistence here, though he made no such contention at the time, that the court was not legally in session on the day he was tried and sentenced, and therefore that his conviction and sentence are void.

The Code, § 24-3009, expressly empowers judges of the superior courts to hold adjourned terms. The latter part of section 10 of the act creating the city court of Elberton (Georgia Laws 1896, pp. 287 et seq.) contains this language: "And said judge of the city court of Elberton shall have all the powers and authority, throughout his jurisdiction, of judges of the superior courts, except where by law exclusive power and authority is vested in the judges of the superior courts; and all laws relating to and governing judges of the superior courts shall apply to the judge of said city court, so far as the same may be applicable, except as herein provided." Standing alone, the foregoing portion of the act confers a like power on the judge of the city court of Elberton to convene an adjourned term. It is, however, contended that the section 11, immediately following the quoted words, prohibits the judge of the city court from holding court at all, except as therein provided. The section 11 is as follows: "Be it further enacted by the authority aforesaid, that the regular terms of said city court of Elberton shall be held quarterly, beginning on the second Mondays in February, May, August, and November of each year. The judge of said court shall have power to hold said court in session from day to day for a period not longer than four weeks from the beginning of each term." This section does not deal with adjourned terms of the court at all, but merely prohibits the judge from holding the court in session "from day to day" for a period longer than four weeks from the beginning of each term. In the instant case the judge did not hold the court in session from day to day for a period longer than four weeks from the beginning of any term. He held the court in session only two days at the February term, and then adjourned it until March 16.

The act creating the city court of Baxley (Ga. L. 1897, p. 420), in the latter part of section 10, and in section 11, contains provisions similar to those quoted above from the act establishing the city court of Elberton. Counsel claims that both this court and the Court of Appeals, in cases presently to be referred to, have passed on this question, and that said decisions sustain the position taken by him. The court dealt with the city court of Baxley act in *Medders* v. *Lewis*, 158 *Ga.* 417 (123 S. E. 605). The gist of the question certified by the Court of Appeals in that case was that where the statute provides that the judge of a city court

"shall have power to hold said court in session from day to day for a period of not longer than four weeks from the beginning of each term," and the record shows that the court convened on the day prescribed by law, and, "without any order of adjournment being taken," again convened on a subsequent date, but within the four-weeks period from the first day of the term, and was regularly in session thereafter, until an order was passed on a day still within the four-weeks period, "recessing" the term to a date beyond the four-weeks period, does this order have the effect of continuing the term to the last-mentioned date, so as to permit the filing of the declaration in attachment at that time? This court, two Justices dissenting, held that under the ruling in *Willard* v. *Stone,* 22 *Ga. App.* 335 (95 S. E. 994), this order did not have the effect of continuing the term of court to the last-mentioned date, so as to permit the filing of the declaration in attachment at that time. It is to be noted that in that case no order of adjournment was taken. In *Willard* v. *Stone,* supra, it appears that on November 26, 1915, Stone sued out an attachment against Willard, returnable to the February term, 1916, of the city court of Baxley, which convened on the first Monday in February, 1916, and the attachment was levied on certain personal property and returned to that term of the court. On March 10, 1916, the plaintiff filed her declaration in attachment, and on November 27, 1916, the defendant filed a motion to dismiss the action, upon the ground that the declaration was not filed at the first term, as required by law. The Court of Appeals quoted from *Walker* v. *Lott-Lewis Co.,* 15 *Ga. App.* 767, 769 (84 S. E. 195), and ruled that when the February term of the city court of Baxley began on the 7th day of the month, the term automatically expired four weeks therefrom, even though the court may not have been in continuous session from day to day during that period; and that a declaration in attachment, filed with the clerk of the court on March 10, was not filed at the first term, and that it was error to overrule a motion to dismiss the declaration on the ground that it was not filed at the first term of the court. The court, however, concluded its opinion with the statement: "Even if it were legal, as contended, for the judge to adjourn the court to a time after the expiration of four weeks from the beginning of the term, he could do so only by proper order; and it is not claimed that such an order was taken." So in *Wil-*

*lard* v. *Stone* the court was not dealing with the legality of a court action that took place during the time to which the court had been by order adjourned. The decision in *Walker* v. *Lott-Lewis Co.,* supra, from which the foregoing quotation is taken was by two Judges only. Incidentally involved was the question whether a stay bond executed on March 11 was in time. Immediately after making the quoted statement the court added: "Consequently it perhaps might be held that as the actual session of the court in the present instance began on February 10, 1913, and the bond was given on March 11, 1913, and the court was not automatically adjourned until March 10, 1913, the defendant in fi. fa. could have given a stay bond on March 11 or at any time prior to March 14. It is not necessary, however, that we rule upon this point; and we therefore do not at this time decide that the city court of Baxley must remain open for a period of four weeks consecutively, or may sit for a period of four weeks during the term, even though a part of a term may be held later than four weeks from the beginning of the term." Conceding that the provision of the two city-court acts on the subject dealt with were identical, it will thus be seen that the decisions of the Court of Appeals and the decision of this court on the subject do not ·control the question here presented. The instant case has features which distinguish it from all three of the cases cited. The authorities cited by counsel for the plaintiff in error, as to the effect of the judgment of a justice's court rendered out of term, are not applicable, because in those cases the court was dealing with a statute different from the one before us, there being no provision of law permitting the holding of adjourned terms of justices' courts. Our conclusion is that under the facts appearing in the record the judge did not err in refusing to discharge the applicant.

*Judgment affirmed. All the Justices concur.*