### 40511. RAHAL et al. v. TITUS.

Decided July 8, 1964—Rehearing denied July 24, 1964.

128

*Richardson & Doremus, John J. Sullivan, W. Ward Newton,* for plaintiffs in error.

*Kennedy & Sognier, John G. Kennedy, Jr.,* contra.

PANNELL, Judge. ■ Headnote 1 requires no elaboration.

■ In his brief in this court, the plaintiff in error Rahal abandons his assignments of error on the dismissal of his motion to strike paragraph 2 of the declaration in attachment and on the dismissal of his amendment to his plea of failure of consideration. No doubt, he did this because he realized that after a judgment had been entered disposing of the entire case, it was too late to amend his pleadings, and too late to file motions to strike pleadings of the plaintiff. See, in this connection, *Goldsmith v. Georgia R. Co.,* 62 Ga. 542; *Southern Mutual Ins. Co. v. Turnley,*

100 Ga. 296 (27 SE 975); *Cureton v. Cureton,* 120 Ga. 559 (48 SE 162); *City of Columbus v. Anglin,* 120 Ga. 785 (3) (48 SE 318); *Real Estate Bank &c. Co. v. Baldwin Locomotive Works,* 145 Ga. 105 (88 SE 584); *Land Development Corp. v. Union Trust Co.,* 180 Ga. 785 (180 SE 836); *United States of America v. Hatcher,* 185 Ga. 816 (196 SE 773); *Swindell & Co. v. Bainbridge State Bank,* 4 Ga. App. 414 (1) (61 SE 847); *Felker v. Johnson,* 56 Ga. App. 659 (193 SE 472); *Forrester v. Pullman Co.,* 66 Ga. App. 745, 750 (19 SE2d 330); *Richards & Associates, Inc. v. Studstill,* 96 Ga. App. 270 (1) (99 SE2d 558).

Plaintiff in error, however, still insists upon his assignment of error on the overruling of his motion to set aside the judgment. In this connection, the plaintiff in error contends that his counsel was misled because the copy of the declaration served upon him did not show the word "individually" below the word "Endorsed" on the Exhibit "B" note had been marked through, and that due to this fact the attorney presumed that the plaintiff in error was liable individually on the note and was not aware of "this present defense nor by the exercise of ordinary care was alerted to suspect that said photostatic copy was not a true and accurate representation of the note actually signed by the defendant." What this present defense is, is not clearly stated, although we gather it would be the defense that the defendant Rahal was not liable individually on the note in question. That the defendant or his counsel were misled by this discrepancy between the original declaration and the copy served upon the defendant is not ground for setting aside a judgment duly rendered in said case. *Sussan v. Smith,* 52 Ga. App. 800, 803 (1) (184 SE 643). In the case just cited the original suit was for $285, and the copy served upon the defendant was for $90. The negligence of the client or his attorney in failing to examine the original pleadings in the case is not ground for setting aside the judgment. The neglect of the attorney was the neglect of the client, and furnished no reason for setting aside the judgment. *Martin v. Parham,* 14 Ga. App. 257 (2) (80 SE 674). It further appears that the motion to set aside the judgment itself shows that the defendant Rahal individually endorsed the note and is individually liable thereon. The record also discloses that this in-

dividual liability was known to defendant's counsel when his plea of bankruptcy was filed on July 11, 1961. The record, therefore, discloses that no such defense in fact actually existed as to the note in question.

"A motion . . . to set aside a judgment may be interposed, as provided by statute, where it appears from the face of the record or the pleadings that no cause of action exists against the defendant. *Tolbert v. Tolbert,* 41 Ga. App. 737 (154 SE 655); *Code* §§ 110-702, 110-703, 110-704." *Smith v. Franklin Printing 'Co.,* 54 Ga. App. 385 (1) (187 SE 904); *Harbin v. Hunt,* 151 Ga. 60 (3) (105 SE 842); *Jones v. Harris,* 151 Ga. 129 (3) (106 SE 555); *Roberts v. Keeler,* 111 Ga. 181, 186 (36 SE 617); *Kelly v. Strouse & Bros.,* 116 Ga. 872 (5, 6) (43 SE 280). There is no contention that no cause of action exists in the present case. A judgment may not be arrested or set aside for any defect in the pleadings or record that is aided by verdict or amendable as a matter of form. *Code* § 110-705; *Smith v. Franklin Printing Co.,* 54 Ga. App. 385, supra; *Mell v. McNulty,* 185 Ga. 343 (1) (195 SE 181). While a motion to set aside a part of a judgment only may be maintained, *Davis v. Davis,* 206 Ga. 559 (2) (57 SE2d 673), *Love v. National Liberty Ins. Co.,* 157 Ga. 259, 270 (121 SE 648), *Land Development Corp. v. Union Trust Co.,* 180 Ga. 785, 789, supra, *Martin v. Martin,* 183 Ga. 787 (189 SE 843), and while it has been stated by this court that "[a] motion to set aside a default judgment, on account of insufficiency of the petition, operates precisely as a general demurrer to the petition would have operated; and any defect which could have been reached by general demurrer can, after a default judgment, be taken advantage of by a motion to arrest or set aside the judgment," *Sheffield v. Causey,* 12 Ga. App. 588 (2) (77 SE 1077) criticized in *Rollins v. Personal Finance Co.,* 49 Ga. App. 365, 367 (175 SE 609) (Cf. *Artope v. Barker,* 74 Ga. 462 (1),) the plaintiff in error Rahal is precluded from raising such questions on this appeal. Through his attorney, as shown by the affidavit attached to the motion to set aside the judgment, he discovered the alleged discrepancy in the service copy and the original declaration when he was preparing the case for the prior appeal to this court. "A defendant who passes over, without demurring,

a petition which is fatally defective in that it does not set forth a cause of action may still attack the same on this ground by an oral motion to dismiss the case at any time before verdict; and after verdict, by motion in arrest of judgment made during the term at which the judgment was rendered; *or by assigning error on the judgment by a direct writ of error sued out in due time;* or within three years from the date of the judgment by motion to set aside." *Kelly v. Strouse & Bros.,* 116 Ga. 872 (5a), supra. While the plaintiff in error may have abided his time and made a motion to set aside the judgment, yet, where a bill of exceptions is sued out to the judgment in due time, he could have, under prior appeal, attacked the judgment on the grounds that he has set forth in his motion to set aside the judgment. Having failed to do so, he cannot now prevail on such a motion. "All grounds for review incorporated in a prior writ of error, or grounds which were known, or by the exercise of ordinary diligence could have been known, and were not incorporated therein, will not considered on a subsequent writ of error." *Lankford v. Milhollin,* 201 Ga. 594 (2) (40 SE2d 376). An attack was made upon a judgment in that case based upon the failure of the cross actions to set forth causes of action. And, as has been most recently said by the Supreme Court in *Pearle Optical of Monroeville, Inc. v. State Bd. of Examiners In Optometry,* 219 Ga. 856, 857 (136 SE2d 371), "When the remittitur from this court was received by the trial court it was the duty of the court 'in good faith' to carry 'into full effect' the judgment of this court. *Code* § 6-1804. The judgment of affirmance was a final disposition of the case, even if the remittitur was not made the judgment of the trial court. *Harrison v. Harrison,* 208 Ga. 70 (65 SE2d 173). When a final judgment of the trial court is affirmed by this court, and not remanded to the trial court for further proceedings, the controversy is at an end; the rights of the parties, so far as they are involved in the litigation, are conclusively adjudicated. Further proceedings on the case in this court and in the trial court are precluded, and the judgment of the lower court is in full force and effect, precisely the same as if no appeal to this court had been taken. *Pryor v. Pryor,* 164 Ga. 7 (2) (137 SE 567)." The prior judgment in this case,

in this court, of which we must take judicial notice, *Lankford v. Holton*, 78 Ga. App. 632 (51 SE2d 687), was such a final judgment, even though affirmed with direction that the judgment as against the plaintiff in error Rahal be permanently stayed as to the execution thereof. The trial judge did not err in overruling the motion to vacate and set aside the judgment.

■ The defendant in error has moved this court to award damages under *Code* § 6-1801 providing that 10 percent damages may be awarded by the appellate court upon any judgment for a sum certain, which has been affirmed, when in the court's opinion, the cause was taken up for delay only. In this court the plaintiff in error abandoned two of his three assignments of error and in his original brief and three supplemental briefs cited on the questions at issue *Code* §§ 110-703, 110-704, and *East Tenn., V. &c. R. Co. v. Greene*, 95 Ga. 35, 37 (22 SE 36), quoting therefrom as follows: "There is yet another class of judgments, such as are voidable. Among these are judgments obtained by fraud, perjury, collusion or mistake. Such judgment may be set aside at any time upon discovery of the fact upon which it may be impeached." There is no evidence in this case of fraud, perjury, collusion or mistake, nor was the motion to set aside the judgment made on such grounds. Further, as we have already shown, the "discovery of the fact" was made in time to have presented the question on the prior appeal of this case. In view of the motion for damages, we have quoted extensively from the facts disclosed by the record and the assignments of error in the previous appearance of this case in this court involving the same judgment of the trial court.

In his original brief, and first supplementary brief, plaintiff in error insisted that he was misled because the copy of the Exhibit "B" note on the copy of declaration served upon him had the word "individually" thereon, whereas this word was actually stricken, or marked through, on the copy of the note attached to the original declaration of attachment. This court, when examining the record of the previous appearance of this case, noted that the Exhibit "B" note attached to the declaration had thereon the personal endorsement of the plaintiff in error Rahal. This court then requested the clerk of the lower court to send a

photostatic copy of the Exhibit "B" attached to the original declaration and expressly requested a copy of the endorsement appearing on the exhibit. As a result, it was discovered by the court that the record in the prior case was incorrect, and that the endorsement on the back of the note was not on the Exhibit "B" attached to the declaration. Plaintiff in error then filed his third supplementary brief in which he, for the first time, based his argument on this fact, rather than the fact that the word "individually" was different on the Exhibit "B" attached to the service copy and the original declaration, and in this third supplementary brief expressly states, "This service copy is identical in all respects with the original declaration and attachment, including exhibits, of file with the Clerk of the City Court of Savannah." This statement, and the facts in the record refute the entire contention that plaintiff in error was misled by the difference between the service copy and the original.

It is the opinion of this court that under the facts disclosed by the record, "there was no good reason for anticipating a reversal of the judgment below, and, consequently, the case must have been brought to this court for the purpose of delay only." *Collins, Grayson & Co. v. Mobile Fruit &c. Co.*, 108 Ga. 752 (32 SE 667); *Boggs v. Shadburn*, 65 Ga. App. 683 (16 SE2d 234); *Tanner v. Patterson*, 52 Ga. App. 644 (184 SE 405).

*Judgment affirmed with damages. Felton, C. J., and Frankum, J., concur.*